## Case No. 3,180.
### COOKE et al. v. WEIGHTMAN.
[1 Cranch, C. C. 439.][1]
Circuit Court, District of Columbia. July Term, 1807.

ENDORSEMENTS OF PROMISSORY NOTE—RIGHTS OF HOLDER.

If a promissory note, payable to A, or order, be indorsed in blank by B and by A, (B's name being written over that of A,) the plaintiff has not a right at the trial to fill the blanks by an indorsement from A to B and from B to the plaintiff, there being no evidence that such was the intention of the parties, but the note and blank indorsements. Quaere.

[Cited in McComber v. Clarke, Case No. 8,-711.]

At law. Assumpsit by the holder against the indorser of Pancost's note to Cohagan, or order, indorsed Richard Weightman, John Cohagan, in blank. On the trial, the plaintiffs' counsel filled up the blank indorsements with an assignment from Cohagan, the payee, to Weightman, and from Weightman to the plaintiffs. The plaintiffs also offered in evidence, (to show the insolvency of Pancost,) the proceedings in a suit by the plaintiffs against him, admitted to be on the same note—the declaration in which proceedings stated it to be a note made by Pancost payable to Cohagan, and indorsed by Weightman to Cohagan, and by him to the plaintiffs.

Mr. Swann, for defendant, prayed, and THE COURT instructed the jury, that if they should be satisfied by the evidence that the note was indorsed by Cohagan to the plaintiffs, they could not recover against Weightman.

CRANCH, Chief Judge, contra, because there was no evidence before the jury upon which the prayer could be predicated; the declaration in suit against Pancost was admitted to be upon the same note; and the note, being produced, does not appear to have been assigned by Weightman to Cohagan, but by Cohagan to Weightman, and not by Cohagan to the plaintiffs, but by Weightman to the plaintiffs. The proceedings, therefore, contained no evidence to contradict that arising from the assignments written on the back of the note.

Mr. Taylor, for plaintiffs, then prayed the court to instruct the jury that if they should be satisfied, by the evidence, that the indorsements of Cohagan and Weightman were in blank, and intended by the parties to give the plaintiffs the security of both indorsers, and that it was delivered to the plaintiffs, for value received, so indorsed, the plaintiffs had a right to fill up the indorsements as they have; but he offered no other evidence of such intention than the said note and indorsements, the name of Cohagan being written on the back of the note below that of Weightman.

[1] [Reported by Hon. William Cranch, Chief Judge.]
6FED.CAS.—29

But THE COURT (CRANCH, Chief Judge, contra) refused.

Verdict for the plaintiff.