By the Court.

The defendant objects, that this being a promise to pay the debt of another, is void by the statute of frauds, which requires in such a case a memorandum in writing, signed by the party to be charged. But we are of opinion that the defendant’s signature upon the back of the note, with the authority given by him to the witness to write over the signature a sufficient guaranty, and such guaranty being accordingly written by the witness pursuant to the authority, may be considered as a memorandum signed by the party, within the intent of the statute, as fully as if it had been written in the defendant’s presence immediately after the signature. And parole evidence was as well admissible to prove this authority, as it is in any case upon a promise in writing, to prove the hand-writing of the party making the promise ; a parole authority in this case being in law sufficient, (a)

Judgment on the verdict.

 [The report of the evidence discloses no such authority, but, on the contrary, a refusal of the party to do more than sign his name. See Britlew & Wilson vs. Webb, 2 B. & Cr. 483.—Jackson vs. Hudson, 2 Camp. 447. — Note to Hunt vs. Adams, 5 Mass. 360, a. Ed. 1835. — Ed.]