## Case No. 8,711.

### McCOMBER v. CLARKE.

[3 Cranch, C. C. 6.][1]

Circuit Court, District of Columbia. Dec. Term, 1826.

NOTES—VOLUNTARY INDORSER—PRESUMPTION—RIGHTS.

If a man writes his name in blank on the back of a note to which he is not a party either as payee or indorsee, before the note comes into the hands of the plaintiff, the presumption is that he did so for the purpose of making himself liable as the indorser of an ordinary negotiable note, and as if it had been made payable to himself or order, and not otherwise; and he is entitled to all the rights of an indorser.

[Cited in Buck v. Hutchins (Minn.) 47 N. W. 809.]

Assumpsit, on a note made by one Mozart, payable to the plaintiff, or order, and indorsed in blank by the defendant. The first count charged the defendant as maker of a note, of similar import as that signed by Mozart. The second count was upon an express guaranty of payment of the note of Mozart. The third count also was upon the guaranty. The fourth count was upon a promise in writing to pay the debt due by Mozart to the plaintiff.

Mr. Randall and R. S. Coxe, for plaintiff, contended that they have a right to write a promissory note over the name of the defendant, similar to that signed by Mozart; and cited Am. Prec. 49, 149; Collis v. Emett, 1 H. Bl. 313; Russel v. Langstaffe, 2 Doug. 514; Josselyn v. Ames, 3 Mass. 274; Moies v. Bird, 11 Mass. 436; Violett v. Patton, 5 Cranch [9 U. S.] 142.

Mr. Moffit, contra. The Massachusetts cases are under the peculiar law of that state.

Mr. Swann, on the same side. If the pa-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

per is blank when issued with the name upon it, it may be filled up with an absolute promise; but when the note is made payable by A to B, or order, and it be afterwards indorsed by C, you can only fill it up with such an engagement as that of an indorser. 1 Chit. Prom. Notes, 64; Bishop v. Hayward, 4 Term R. 470; Mainwaring v. Newman, 2 Bos. & P. 125.

Mr. Coxe, in reply. If the defendant intended to limit his liability to that of an indorser, he would have taken care that the note should be made payable to himself in the usual form.

THE COURT, on the next day, having examined the authorities cited; and having also referred to the cases of Vowell v. Lyles [Case No. 17,021], in this court at Alexandria in July term, 1807; Cooke v. Weightman [Id. 3,180], at the same term; Janney v. Geiger [Id. 7,212], at July term, 1809; and Offutt v. Hall [Id. 10,449], at July term, 1808,—the latter of which cases is precisely like the present,—was of opinion, that from the appearance of the note itself, the presumption is that it was written on the paper before the indorsement by the defendant; and that the indorsement was written before the note came into the hands of the plaintiff, and on the day of the date of the note; that if such were the facts, it is natural to presume that the defendant wrote his name on the back of the note for the purpose of making himself liable as the indorser of an ordinary negotiable note, and as if it had been made payable to himself or order, and not otherwise; and that he was entitled to all the rights of an indorser. The plaintiff then asked leave to amend, which was granted; a juror was withdrawn, and the cause continued. At a subsequent term the plaintiff became nonsuit.