Lee, J.
This was an action of assumpsit brought in the Circuit court of Clarke county by the plaintiffs in error against the defendant. The declaration contained five counts. The defendant appeared and filed a general demurrer to the third count and a special demurrer to the second and fourth counts, assigning for cause in the latter that each of those counts contained two separate, distinct and complete causes of action. The plaintiffs joined in these demurrers, and the same having been argued, the court held the third count insufficient, and the general demurrer to it was sustained. The court also expressed the opinion that the objection made to the second and fourth counts was well taken; but leave was given to the plaintiffs to amend those counts. Of this leave the plaintiffs availed themselves by striking out of each of those counts what was supposed to constitute one of the two distinct causes of *487 action which it was alleged were improperly blended in one count; and the defendant then demurred generally to those two counts thus amended. On consideration of the demurrers, to these amended counts, the court held the counts good, and the demurrers were overruled. The defendant also pleaded non assumpsit to each count of the declaration, and a special plea to the second and fourth counts, which though objected to was allowed by the court. And the jury having rendered a verdict for the defendant upon the issues joined, the plaintiffs obtained a supersedeas from this court.
The petitioners assign various causes of error in the said judgment, and amongst the rest, they complain that the court improperly sustained the special demurrers first filed to the second and fourth counts. I think it however unnecessary to consider those counts as first framed, or to determine whether they were obnoxious to the charge of duplicity or not; because the plaintiffs, by availing themselves of the leave given to amend and striking from the counts what was supposed to render them double, must be held to have waived the question and to have been content to stand upon the counts as amended; and they cannot now be entertained here to make the objection that the Circuit court erred in its opinion that those counts were justly obnoxious to the charge of duplicity. If they had desired to test the correctness of that opinion and to obtain the benefit of the counts as originally framed, they should have allowed the .special demurrers to be sustained and the counts held for naught, instead of amending them to conform to the opinion of the cpurt, as they elected to do.
The plaintiffs in error also complain that the court-erred in sustaining the demurrer to the third count in the declaration. This count alleges that Bichardson being the holder óf a bond on Gibson, which is described by *488 its date, amount and time of payment, assigned the same to Kirby by a written assignment on the back thereof, subscribed with his proper name. That the said Kirby afterwards proposed to the plaintiffs in Baltimore, that if they would sell goods, &c. to the firm of Bushnell, Kirby & Co. of which he, Kirby, was a partner, he would assign the said bond to them as collateral security for the payment of the same; and at the same time he, Kirby, represented to the plaintiffs that Richardson was liable as the assignor of the bond for the payment thereof if the money could not be made out of Gibson. That in consideration of the premises, the plaintiffs sold to said Bushnell, Kirby & Co. goods to the amount of 8254 dollars 88 cents, on a credit of six months, with the understanding that if Richardson did not acknowledge his liability as assignor of said bond, the plaintiffs were to be at liberty to return it to Bushnell, Kirby & Co. and “look out for other security.” That Kirby did assign said bond to the plaintiffs for the purpose aforesaid, for value received ; of all which Richardson, &c. had notice. That afterwards the said Richardson, being called upon by plaintiffs to know if he was responsible as assignor of said bond, assured the plaintiffs in writing that* he was aware of no offset or objection to said bond, nor of anything to affect Ms liability as assignor thereof. That in consideration of the premises, the plaintiffs did not endeavor to obtain other security from said Bushnell, Kirby & Co., and did not bring suit against them for the amount of the goods, but forbore to do so, and retained the bond of Gibson for a long time, to wit, six months. That when said bond became due and payable, the said Gibson was notoriously insolvent, and so continued to be, so that no part of the amount thereof could be made out of him ; and that he had not paid the same either to the said Kirby or to the plaintiffs ; nor had the said Bushnell, Kirby & *489 Co. ever paid the plaintiffs the amount of the goods so sold as aforesaid: of all which Richardson had notice. By virtue whereof, it is charged the said Richardson beeame indebted to the plaintiffs in the amount of the goods so sold to Bushnell, Kirby & Co. as aforesaid, with interest; and being so, indebted, in consideration thereof promised to pay the same when afterwards requested. Row it appears to, me that this count lacks that indispensable element of a good declaration in assumpsit, an averment of a good and sufficient consideration for the promise imputed to the defendant. The consideration stated is the legal liability which it is averred had devolved upon the defendant by reason of the premises set out in the count; and the question is, whether such legal liability is made out. It is not alleged that any consideration passed from Kirby to Richardson for the assignment of Gibson’s bond by the latter, nor that the said assignment was accompanied by any agreement to guarantee the payment of the bond, or any intention declared on the part of Richardson to enable Kirby to purchase goods on the credit of his liability as assignor to make good the amount if Gibson proved insolvent. The plaintiffs parted with their goods without first conferring' with Richardson on the subject, and not on the faith.. of his liability, because they took the bond as collateral security only, reserving expressly the right to look out for other security if Richardson should not acknowledge his liability as assignor. The written assurance given by Richardson after the goods had been sold, that he knew nothing which could affect Ms liability as assignor of the bond, could not serve by relation back to the date of the sale, to create a good cause of action against him. At most, it only amounted to evidence tending to show that Ms assignment to Kirby was under circumstances which would make him liable to Kirby’s assignee.; but it could not *490 of itself constitute a right of action in assumpsit. And even if this written admission had - contained an express promise to pay the debt claimed, yet made at the time it was, and under the circumstances attending it, it would have been, like the promise in the case of Bank of Washington v. Arthur, 3 Gratt. 173, of no effect, for ■ want of any consideration that would be sufficient to support an action founded upon it. Whether by giving this assurance in writing, and thus inducing the plaintiffs (as would seem to be intended by the allegations of the count) to forbear endeavoring to get other security for their debt, or bringing suit against Bushnell, Kirby & Co., the said Richardson may have made himself liable in a special action on the case for the damages thereby sustained by the plaintiffs, is a question not necessary now to be decided. The count is not and could not have been properly framed with that view. It is as it must have been in this action, a count in assumpsit, and charging Richardson as having rendered himself liable and indebted, and averring a promise to pay upon such indebtedness. And as I think no such indebtedness can be deduced from the allegations of the count, I am of opinion that it was insufficient, and that the court did not err in sustaining the demurrer to it.
To the second and also to the fourth count in the declaration, the defendant tendered a special plea, averring that the promise or guaranty in each of those counts alleged, was a special' promise to pay the debt of another person, to wit, the said Samuel Gibson, and that no promise or agreement relating to the same, nor any note or memorandum thereof was in writing, or signed by the defendant or any one by him thereunto authorized. The plaintiffs objected to the filing of these pleas, but the court overruled the objection and permitted them to be filed ; and the plaintiffs were compelled to reply. And the admission of these pleas *491 is assigned as one of the grounds of error m the said judgment.
The second and fourth counts in the declarations, to which these pleas were filed, both allege that the defendant being the holder of the bond on Gibson, to enable Kirby to use the same in the purchase of goods for Bushnell, Kirby & Co., upon the faith and credit of the defendants’ liability as assignor, and of his guaranty of the bond, did assign- the same to the said Kirby, and did guarantee the payment thereof, by writing endorsed on the said bond and signed with his proper name; and that the plaintiffs sold the goods on the credit thereof. Now these pleas neither traverse the matter of fact alleged in the counts, nor yet confess and avoid them by others; and the only purpose which they could serve, as it seems to me, was to raise the question whether the allegations of each of these counts made out a case of liability on the part of the defendant. For this purpose they were entirely unnecessary, and as the counts were framed, I regard them as wholly inapplicable and inappropriate, the statute of frauds having no application, as I think, to such a contract of assignment and guaranty as that stated and alleged in each of these counts. It may properly be said that it was not the debt of Gibson which the defendant assumed to pay by his undertaking upon that occasion, but a debt of his own in effect, or one created upon the faith and credit of his assignment and guaranty, when the goods were sold, and which but for his undertaking would have had no existence; although' it was of course contingent upon the failure or inability of Gibson to pay the amount of the bond, just as is the liability of every assignor of the bond of another, for whatever value. I think, therefore, that these pleas were no answer to the plaintiffs’ action, and that the court erred in permitting them to be filed. Nor is it any answer to the objection to say, that the pleas, *492 even if "bad, could do the plaintiffs no harm by being-in the record. That is an enquiry upon which the court should scarcely enter, nor should it speculate upon the effect of an improper plea in prejudice of the plaintiffs’ rights. If it be insufficient and no answer to the action, it should be rejected when objected to, nor should the plaintiffs be put to an issue upon it.
Another ground of error assigned by the plaintiffs is, that the court below improperly refused to give the instruction to the jury asked for by them on the trial of the cause. After all the evidence had been given to the jury, they moved the court to instruct the jury that if they believed from the evidence that Richardson assigned the bond on Gibson to Kirby by endorsing his name in blank thereon, that Kirby might use the same so endorsed in the purchase of goods upon the faith of the bond and of Richardson’s liability as assignor, and that the plaintiffs sold the goods upon faith ■of said bond and of said Richardson’s liability, and that Kirby assigned the bond to plaintiffs in consideration of the goods, and also that Gibson was notoriously insolvent when the bond fell due, then it was immaterial whether Kirby paid a valuable consideration to Richardson for said bond or not, and that the plaintiffs were entitled to recover the value of the goods. The court, however, refused so to instruct the jury; and the plaintiffs excepted. It is doubtless correct, as argued by the counsel for the defendant in error, that the assignment of a chose in action not assignable at common law, does not make the assignor liable without a valuable consideration for the assignment; and that the assignment being in writing does not necessarily import that it was for valuable consideration. Hall v. Smith, 3 Munf. 550 ; Wood’s adm’r v. Duval' 9 Leigh 6 ; Breckenridge v. Auld, 1 Rob. R. 148: And the distinctions which were adverted to between the *493 endorsement of negotiable instruments and common law obligations and other instruments not negotiable, are well established by the authorities. But it certainly cannot be maintained that if the holder of a bond endorse it in blank with intent to assign it, and to enable his assignee to get credit upon faith of the bond and of his assignment of it, and the assignee do succeed in getting such credit on faith thereof, and take up money or goods for the same, and the obligor prove insolvent, the assignor will not be liable to the party making the advances because he may have received no value for his assignment from his immediate assignee. In such a case the assignor may be regarded as authorizing his assignee to take up the money or goods on faith of the bond and of his assignment, and to write over his name an assignment for value received to the person making the advances ; or as authorizing a guaranty of the payment of the bond to be written over his name, conforming to the true intent and purpose with which it was endorsed on the bond.
The bill of exceptions does not state the opinion of the court upon the legal questions involved, nor the particular grounds on which the court declined giving the instruction; but simply that the court refused to give it. It may be presumed, however, that the reason for the refusal was that the court thought there was no sufficient consideration for creating a liability on the part of Richardson, or that he was protected by the operation of the statute of frauds. It is true that to render Richardson liable upon his assignment or guaranty, there must have been good and sufficient consideration. But this need not be a benefit resulting to Richardson himself, the party promising. A loss or inconvenience sustained by the other party at the instance or with the consent, express or implied, of the party promising, is a good and sufficient consideration. Chitty on Contracts, p. 29, and authorities cited in the *494 note. In this. case the plaintiffs’ parting with their goods to Kirby, upon the faith of the defendant’s endorsement made for the purpose intended, was an ample consideration for his liability. Nor, as it seems to me, and as I have already intimated, is the casé one of a promise to pay the debt of another that would fall within the operation of the statute of frauds. Every assignment of a bond or note, even for a full value, njight in the same sense be said to create a promise to pay the debt of another. It seems to fall rather within ,the third class of cases mentioned in Story on Prom. Notes, § 457, where the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties, which class of cases, the author adds, is not within the statute of frauds. The distinction between this class of cases and those in which the promise is regarded as an undertaking for the debt of another, within the statute of frauds, is also recognized in 1 Saund. 211, n. 2, and by Ch. J. Kent, in delivering the opinion of the court in the case of Leonard v. Vredenburg, 8 John R. 29-36. But if even a memorandum in writing signed by the defendant be held indispensable, I would, under the authority of the case of Ulen v. Kittredge, 7 Mass. R. 233, not hesitate to regard the endorsement of the name of the assignor in blank upon the bond for the purpose indicated, and which gave authority to write a guaranty in conformity to the intention with which the endorsement was made, and of which parol testimony was clearly admissible, as a full compliance with the requisition of that statute on this subject. Numerous cases are to be found in the reports of the decisions of this and other courts, from which the liability of the assignor of a bond or other instrument not negotiable, in such a case, is to be deduced beyond all doubt or question. Of these I will content myself with referring to the following: *495 Hansbrough v. Baylor, 2 Munf. 36; Goodall v. Stuart, 2 Hen. & Munf. 105; Mackie v. Davis, 2 Wash. 219 ; Orrick v. Colston, 7 Gratt. 189; Violett v. Patton, 5 Cranch’s R. 142; De Wolf v. Rabaud, 1 Peters’ R. 476; Townsley v. Sumrall, 2 Peters’ R. 170; McDonald v. Magruder, 3 Peters’ R. 470; Josselyn v. Ames, 3 Mass. R. 274; Ulen v. Kittredge, 7 Mass. R. 233; Tenney v. Prince, 4 Pick. R. 385 ; Moies v. Bird, 11 Mass. R. 436. Other cases upon the subject will be found cited in the note to sections 457, 459, 474 of Judge Story’s work on Promissory Rotes. In some of the cases referred to, it was made a question whether the endorsement in blank upon the instrument had the effect to create a direct original liability upon the party making the endorsement, or only the collateral contingent liability of a guarantor; and the result of the various authorities would seem to be in relation to a blank endorsement of an instrument not negotiable, that where it is not a part of the original transaction, but subsequently made, then in the absence of controlling proofs, it is deemed a mere guaranty, and the endorser liable only as a guarantor. Dean v. Hall, 17 Wend. R. 214; Story’s Prom. Notes, § 480. The true intention of the parties is, however, always the subject of elucidation by proof, which may be by parol, of the facts and circumstances which took place at the time of the transaction ; and the interpretation to be placed upon the endorsement will be always just such as will carry that intention into effect. Story’s Prom. Notes, § 479.
The instruction moved for in this case, as I understand it, was to this effect, that if the jury should believe from the evidence, that the defendant assigned the bond on Gibson to Kirby by endorsing his name in blank thereon, for the very purpose of enabling Kirby to buy goods upon the faith of his endorsement, and that the plaintiffs sold the goods on the faith of the *496 same, and that Gibson was notoriously insolvent when his bond fell due, then the defendant was liable to the amount of the value of the goods sold, the same being less than the amount due upon the bond: And I cannot doubt that it correctly propounded the law upon the subject. But it is insisted that the purpose of Richardson, in making the assignment, did not import a guaranty j and that if the instruction is to be construed as assuming an intent to guarantee on his part, it was rightly refused because there was no proof of such guaranty, and the instruction was upon an abstract proposition; which, according to the well settled rule, the court was not bound to give. It is certainly correct that no court is required to instruct the jury upon abstract questions of law not presented by the proofs in the cause. But this function of determining whether any proof has been given of the hypothetical case or not, and if none, of refusing to give the instruction asked for upon it, is one to be exercised with proper care and great caution. In a plain case of a total absence of evidence tending to make out the supposed case, the court may well refuse to give any instruction based upon it. But where there is such evidence, of however little weight it may appear to be to the court, or however inadequate in its opinion, to make out the case supposed, it is best and safest for the court not to refuse to give the instruction asked for if it propound the law correctly. In this case it cannot be said that there was no evidence tending to make out the ease supposed in the instruction asked for. The purpose of Richardson, in endorsing the bond of Gibson, which the evidence oifered by the plaintiffs tended to prove, did, as it seems to me, import an intent to guarantee; and to what extent this evidence would be credited by the jury, and how far it was-weakened by the countervailing testimony offered by the defendants, and the true inferences to be *497 drawn as to Richardson’s purpose and intention, were matters properly for the consideration of the jury. If they should be satisfied Richardson did intend to make himself responsible as assignor of the bond to any one who should make advances to Kirby upon faith of his name, the plaintiffs were entitled to the benefit of the opinion of the court that they were in that case entitled to recover: but if they should be of a different opinion, then the instruction was inapplicable and of course could not prejudice the defendant.
The Circuit court, on the motion of the defendant, instructed the jury that they were not to regard any of the evidence of statements or declarations made by Kirby or any other person in the absence of the defendant, as even tending to prove the liability of the defendant in this action; and that they were only admissible for the purpose of discrediting the testimony of Kirby, who had been examined as a witness on the part of the defendant: And the plaintiffs excepted to the opinion of the court giving this instruction. If this instruction is to be interpreted as directing the jury to disregard all the declarations and statements proven to have been made by Kirby as well at the time of the negotiation for the goods with the plaintiffs as afterwards, (and a formal exception is taken to the deposition of Ross, the witness who proved what passed between Kirby and the plaintiffs at the time of the negotiation for the goods,) then it would be clearly erroneous, inasmuch as what passed between Kirby and the plaintiffs at the time of the negotiation touching the purchase of the goods and the transfer of the bond on Gibson, would be unquestionably proper evidence, being part of the res gestee, the whole of which, according to the well settled rule, should be given to the jury. But it may be presumed that the Circuit court intended to refer to the other declarations and statements which were proved to have been made by *498 Kirby in regard to this transaction, after the sale of the goods and the assignment of the bond; and if the instruction is to be so understood, there can be no doubt of its correctness. Charlton v. Unis, 4 Gratt. 58. All these latter statements of Kirby clearly fell within the rule which denies-to the unsworn declarations of a third person the weight of legal evidence. It would have been well however, if the instruction had been somewhat more guarded in its terms, and had discriminated more clearly between the statements made by Kirby at the time of the negotiation for the goods and those made at other and different times, in the absence of Kichardson, lest the jury might have been misled by the broad and comprehensive terms used by the court, and supposed that they were to disregard everything that Kirby may have stated, upon any occasion, when Kichardson was not present.
It is also alleged on the part of the plaintiffs, that the court erred in permitting the answer of the witness McCormick to the first question propounded to him to go in evidence to the jury. This evidence was offered by the defendant for the purpose of showing the circumstances under which he assigned the bond of Gibson to Kirby, and to make out, if he could, that they were not such as to render him liable as assignor or otherwise to make good the amount of the bond if not made out of Gibson. It consisted of conversations between the witness, Kirby and defendant upon the subject of the proposed partnership, and of the defendant’s aiding his son in law Kirby to enter into the business, in which the defendant spoke of letting him have the bond of Gibson, or 2000 dollars of it, if he could make use of it to establish himself in business, but declared that he would not make himself liable in any way; but that Kirby must see Gibson and ascertain if the bond could be made available. I do not think, however, that the objection to this testimony *499 was well founded : For, although these conversations and statements did not occur at the time the bond of Gibson was assigned by the defendant to Kirby, yet they took place so recently before and whilst the measure was the subject of discussion and negotiation, that they may be fairly considered as part of the res gestee, deriving their credit not from that to be attached to the speaker, but from their connection with the circumstances of the transaction; and were therefore admissible in evidence as such, according to the well settled doctrine upon that subject. 1 Stark. Ev. 46 ; 1 Greenl. Ev. § 108. They would, of course, not receive the same weight and consideration with the jury as if it had appeared that they had occurred exactly at the time of -the assignment and delivery of the bond to Kirby; but yet they might serve to a certain extent to elucidate the true character of that transacaction, and were, therefore, not improperly permitted to go to the jury, to have such weight with them as they might deem them entitled to.
It is unnecessary to consider the question already glanced at, how far the plaintiffs were prejudiced by the decision of the court overruling his objection to the pleas of the statute of frauds, and suffering them to be filed, nor whether, for this cause, the judgment should be reversed; inasmuch as, in the view which I take of the case, the judgment must be reversed for the refusal of the court to give the instruction to the jury asked for by the plaintiffs. These pleas being, however, no answer to the plaintiffs’ action, should be stricken out, and the new trial be had upon the general issue joined in the cause.
I am of opinion that the judgment should be reversed with costs to the plaintiffs in error; that the two special pleas, the one to the second count in the declaration, the other to the -fourth count, should be held for nought and set aside; that the cause should *500 be remanded to tbe Circuit court for a new trial to be had therein, with directions that if, upon such new trial, the plaintiffs shall give substantially the same evidence as upon the former trial, and shall renew their prayer for the instruction to the jury that was then refused, the same shall be given; and also, that if the same instruction be asked for on the part of the defendant, touching the purpose for which the evidence of the statements and declarations of Kirby were to be considered by them, the said Circuit court shall take care to explain to the jury that the statements and declarations embraced within the scope of the instruction are not those made by Kirby at the time of the negotiation for the goods with the plaintiffs, which are to be regarded by them as evidence without the restriction imposed by the instruction, but are those proven to have been made by the said Kirby on other and different occasions.