WILLIAM J. STEIN *vs.* JOHN W. PASSMORE, impleaded, etc.

September 20, 1878.

Pleading—Endorsement by Third Person before Delivery.—Averments in a complaint that one W. A. P., on February 4, 1874, made and executed his said note, (the same being set forth in full,) that before the payee accepted it, and on or about March 16, 1874, J. W. P., for the purpose of making it good and giving it credit, signed the same as maker, by writing his name on the back thereof as of that date, and then and there delivered it to the payee, *held*, sufficient to charge the latter as a joint maker of the note at the time of its legal inception, and before delivery.

Appeal by defendant, John W. Passmore, from an order of the district court for Washington county, *Crosby, J.*, presiding, overruling his demurrer to the complaint in an action against himself and one William A. Passmore.

*McCluer & Marsh*, for appellant.

John W. Passmore cannot be held as guarantor; *Moor* v. *Folsom*, 14 Minn. 340; or as endorser, for the complaint fails to show demand on the maker, or notice. If liable at all, it must be as joint maker. But this case clearly differs from those in which a third person endorsing a note at its inception is held to be a joint maker. A note is presumed to be delivered at the time of making it, or at least before it falls due. *Churchill* v. *Gardner*, 7 Term Rep. 596; *Anderson* v. *Wester*, 6 Bing. N. C. 296; *Sinclair* v. *Baggaly*, 4 M. & W. 312; *Cranson* v. *Goss*, 107 Mass. 439; *Burney* v. *Plumby*, 5 Vt. 500; and the language of the complaint, "made and executed," imports a delivery. *Churchill* v. *Gardner*, 7 Term Rep. 596; *Russell* v. *Whipple*, 2 Cow. 536; *Chappell* v. *Bissel*, 10 How. Pr. 274. The allegation that plaintiff had not accepted the note does not overcome the presumption and averment of delivery. This allegation of want of acceptance might be true, and still the note might have been in plaintiff's possession when John W. Passmore endorsed it. Moreover, the complaint shows that when the latter wrote his name across

the back of it, the note was already overdue and dishonored. He cannot be made an original joint contractor, or original party to a contract already broken. In order to be an original joint maker, one must partake of the original consideration, by becoming a party to the contract at its inception. *Mocarnoy* v. *Stanley*, 8 Cranch, 82; *Rey* v. *Simpson*, 22 How. 344; *Courtney* v. *Doyle*, 10 Allen, 122; *Moor* v. *Folsom*, 14 Minn. 340.

*J. N. Castle*, for respondent.

CORNELL, J. It is settled law in this state that a party, other than the payee named in a promissory note, who puts his name on the back of the instrument before it has a legal existence by delivery, for the purpose of giving it credit with the payee, becomes thereby a joint maker of the note, and liable as such. *Pierse* v. *Irvine*, 1 Minn. 272 (369;) *McComb* v. *Thompson*, 2 Minn. 114 (139;) *Marienthal* v. *Taylor*, 2 Minn. 123 (147;) *Robinson* v. *Bartlett*, 11 Minn. 302 (410.)

The complaint in this case alleges "that on the fourth day of February, 1874, the defendant Wm. A. Passmore made and executed his certain promissory note, in words and figures following, to wit:

Stillwater, Minn., February 4, 1874.

One day after date, for value received, I promise to pay to W. J. Stein or order, the sum of five hundred and fifty-six 70/100 dollars, with interest at ten per cent. per annum from date.

William A. Passmore.

"That before the same was accepted by the plaintiff, the payee therein named, and on or about the sixteenth day of March, 1874, the said defendant John W. Passmore, for the purpose of making said note good, and giving the same credit, signed the said note as maker thereof, by then and there writing his name on the back thereof, with the date, in words and figures as follows, viz.: 'March 16, 1874, J. W. Passmore,' and then and there delivered the same to plaintiff, the said payee," etc. To this complaint the defendant J. W.

v.25m.—17

Passmore demurred, on the ground that the facts therein stated did not constitute a cause of action as against him. The particular grounds which were urged upon the argument are that the allegation that the note was made and executed by the defendant Wm. J. Passmore, at the time it bore date, imports a delivery of the note to the payee at that time; and as the defendant John W. did not endorse the same till some time thereafter, the case is not brought within the doctrine of the cases above cited. The question presented for determination, therefore, is one of pleading.

The averment as to the making and execution of the note by Wm. J. Passmore is qualified by the allegations coupled therewith, that before it was accepted by the payee plaintiff, the said defendant John W. Passmore endorsed the same in the manner stated, as maker, and for the purpose of making it good and giving it credit, and that thereupon the same was delivered to the plaintiff. Construing these allegations together, the reasonable inference and conclusion therefrom is that the payee never in fact received or held the note as owner prior to the alleged endorsement, and its delivery to him thereafter. Prior to this, the note had no legal inception or existence as a valid and binding contract, for this could only occur upon its delivery in fact to the payee as the lawful owner. When so delivered, it became a completed contract from that time, according to its terms, and with reference to its date, to which the parties thereto must look for the purpose of ascertaining their respective rights and obligations under it. *Powell* v. *Waters*, 8 Cow. 687, 705; see also *Brewster* v. *McCardell*, 8 Wend. 478; *Samson* v. *Thornton*, 3 Met. 275.

The demurrer was rightly overruled, and the order appealed from is affirmed.