GEORGE W. BUCK *vs.* HENRY HUTCHINS.

January 20, 1891.

**Negotiable Instrument—Indorsement by Third Person after Delivery.**—A person, not a party to a negotiable promissory note, who places his name on the back thereof after its execution and delivery, before maturity, and before it has been indorsed by the payee, is, as to subsequent *bona fide* holders, an indorser of the paper.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks*, J., presiding, sustaining a demurrer to the complaint in an action on a promissory note for $1,025.99.

*W. H. Tripp*, for appellant.

*N. H. Miner*, for respondent.

COLLINS, J.   It was first alleged in the complaint in this action that the defendants Meade made, executed, and delivered their certain promissory note, payable to the order of the defendant Cheney, of which a copy was attached, and that thereafter, before maturity and for value received, Cheney indorsed it to one Newell.   It was then alleged "that, before maturity and before the indorsement and transfer of said note by the defendant Cheney to said J. K. Newell, the defendant Henry Hutchins, for a valuable consideration, signed and indorsed said note by writing his name upon the back thereof." Other allegations as to the transfer of the note by Newell to the plaintiff before it matured, his ownership of the same, its proper presentation for payment when due, a refusal to pay by the makers, its protest according to law, with a notice thereof to all of the parties, follow in order, concluding with a demand for judgment against defendants for the amount of the note, with interest, costs of protest and of suit.   To this complaint the defendant Hutchins interposed a general demurrer.   The plaintiff's appeal is from an order sustaining the demurrer.

From the allegation in the complaint which we have quoted, it explicitly appears that, after its execution and delivery by the makers, before its indorsement by the payee, before its maturity, and for value

received, the respondent signed his name upon the back of a negotiable promissory note. The appellant plaintiff, a subsequent purchaser of the obligation, treated the respondent as an indorser. There may be some question, as between the parties, as to the precise character in which he so signed and as to what liability he assumed, but there can be no doubt but that he intended to pledge his responsibility in some shape for its payment. *Kyner* v. *Shower*, 13 Pa. St. 444; *Eilbert* v. *Finkbeiner*, 68 Pa. St. 243. It is not unusual in business for a third person to put his name on the back of a bill or note to give it additional value in the commercial world, and to thus enable or aid the payee to discount it. Indorsement of a bill or note is to write one's name upon it with intent to incur the liability of a party who warrants payment, provided the obligation is duly presented to the principal at maturity, is not paid by him, and due notice of the failure is given the indorser. *Paine* v. *Smith*, 33 Minn. 495, (24 N. W. Rep. 305;) 1 Daniel, Neg. Inst. 593. It may be, and usually is, a transfer of title. But in addition to this, it is a fresh and substantive contract by which the indorser becomes a party to the instrument and conditionally liable for its payment. *Paine* v. *Smith, supra.* On principle as well as on authority, there is no foundation for the assertion that a stranger to a bill or note cannot, if he chooses, incur the liability of an indorser; and his liability has at different times been declared that of an indorser, or of a surety, or of a guarantor, or of a maker, depending upon circumstances. All of the cases cited by respondent in support of his demurrer, relate to and discuss the kind of liability assumed, and in none is it held that, as to subsequent *bona fide* holders for value, an obligation had not been entered into on the part of a stranger to the note or bill, who had placed his name on the back of it. In this case the complaint shows the respondent to have been at least an irregular, or, as it is sometimes styled, an "anomalous" indorser. He was treated as an ordinary indorser, entitled to notice of non-payment and of protest, all of which he received according to the allegations of the complaint; and assuming these allegations to be true, it is manifest that this was the liability he intended to take upon himself when he placed his name on the back of the paper.

A great deal of litigation has arisen out of the irregular signing of notes and bills upon the backs of the same by strangers as well as parties. The cases in this state—among which we mention *Moor* v. *Folsom*, 14 Minn. 260, (340,) and *Stein* v. *Passmore*, 25 Minn. 256 —are well known to the profession. A review of the large number which may be found elsewhere would be a useless task at this time, and we are content with a simple reference to a part of the text-books and some of the cases in which the subject is discussed. Tied. Com. Paper, § 270; Story, Prom. Notes, 58, 133, 479; Bigelow, Notes & B. note 1, p. 44; Id. note 1, p. 131; Rand. Com. Paper, § 66; *Mecorney* v. *Stanley*, 8 Cush. 85; *Bragg* v. *Fletcher*, 20 Vt. 351; *Lincoln* v. *Hinzey*, 51 Ill. 435; *Jaffray* v. *Brown*, 74 N. Y. 393; *Richards* v. *Warring*, 39 Barb. 42; *Milton* v. *De Yampert*, 3 Ala. 648; *Price* v. *Lavender*, 38 Ala. 389; *Cochran* v. *Atchison*, 27 Kan. 728; *Cornett* v. *Hafer*, 43 Kan. 60, (22 Pac. Rep. 1015;) *Rey* v. *Simpson*, 22 How. 341; *Good* v. *Martin*, 95 U. S. 90; *McComber* v. *Clarke*, 3 Cranch, C. C. 6. See, also, Abb. Tr. Ev. 437; 15 Cent. Law J. 82.

Order reversed.