### NICHOLS & SHEPARD COMPANY v. WILLIAM DEDRICK.[1]

July 2, 1895.

Nos. 9343—(182).

**Negotiable Instrument—Variance.**

The complaint stated a cause of action against the defendant on his separate promissory note. *Held*, proof on the trial of the joint and several promissory note of defendant and a third party is not a material variance, at least when it appears that the defendant is not surprised or misled thereby.

**Same—Consideration.**

An agreement to extend the time of payment of a debt is sufficient consideration for the execution by a third party of his note to the creditor as collateral security for the payment of such debt.

[1] Reported in 63 N. W. 1110.

Same—Statute of Frauds.

> A negotiable promissory note imports consideration, and, when made as such collateral security, sufficiently expresses the consideration, so as to comply with the statute of frauds.

New Trial—Amendment.

> *Held,* in this case the court below did not abuse its discretion in refusing defendant a new trial and leave to amend his answer.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., granting plaintiff's motion to amend the complaint and denying defendant's motion for a new trial. Affirmed.

*W. H. Cutting,* for appellant.

*Marshall A. Spooner* and *Armstrong Taylor,* for respondent.

CANTY, J. In the complaint in this action the plaintiff, a corporation, alleged that defendant made and delivered to it his promissory note, dated March 25, 1893, whereby he agreed to pay to its order the sum of $312 on November 1, 1893. Defendant in his answer alleged that in September, 1892, one Pohl executed his note to plaintiff, and secured it by a chattel mortgage on certain described personal property; that this note came due, and Pohl failed to pay the same, and thereafter "made and executed the note alleged in the complaint herein, and this defendant signed the same as surety"; and that the only consideration for the signing of said note by defendant was the agreement of plaintiff to transfer to him said note so executed by Pohl alone, "secured as aforesaid"; and that plaintiff has failed to carry out its contract and transfer said last-named note to defendant. On the trial, plaintiff offered in evidence the joint and several note of defendant and Pohl, corresponding in all other respects to the note described in the complaint. This note was received in evidence against defendant's objection and exception that it was inadmissible under the pleadings. Plaintiff had a verdict. Defendant moved for a new trial, which was granted, on the ground that it was error to receive said note in evidence, for the reason that the same is a material variance from the cause of action set up in the complaint. Thereupon plaintiff made a motion for leave to amend its complaint to conform to the facts proved, for a rehearing of said motion for a new trial, and that said motion for a new trial be denied. This motion was in all respects granted, the amendment to

the complaint was allowed, the order granting a new trial set aside, and a new trial denied. From this order defendant appeals.

1. We are cited to no authority which holds that proof of the joint and several note of the defendant and a third party is a material variance from a cause of action on the separate note of the defendant. We are of the opinion that it is not such a variance, at least when it appears that the defendant is not surprised or misled thereby, which sufficiently appears in this case.

2. There is evidence tending to prove that, as a consideration for the making of this note by defendant and Pohl, the plaintiff agreed to extend the time of payment of the original note made by Pohl alone. This is a sufficient consideration for the execution of the note by defendant. 1 Brandt, Sur. (2d Ed.) § 16. In this respect this case differs from that of Security Bank v. Bell, 32 Minn. 409, 21 N. W. 470.

3. A negotiable promissory note imports consideration, and when such a note is made by a mere surety to the creditor of the principal debtor, to secure his debt, it sufficiently expresses the consideration, so as to comply with the statute of frauds. Of course, if there was in fact no consideration, that may be set up as a defense.

4. In opposition to plaintiff's said motion, defendant filed a counter-affidavit, stating that on March 24, 1894, plaintiff, in another action, recovered judgment against Pohl for the amount due on said original note and two other notes, executed by him to plaintiff in the same transaction, and that on July 20, 1894, a satisfaction of this judgment was filed in the office of the register of deeds of Wright county. Defendant asked, on that motion, that if plaintiff be allowed to amend its complaint he be allowed to amend his answer setting up this payment of the original note, for which the note in suit is collateral security. The refusal of the court below to allow the defendant so to amend his answer and have another trial is assigned as error. Respondent, on the argument, made an explanation as to how this satisfaction came to be so filed, and claimed that said judgment against Pohl has never been paid or satisfied, and appellant does not seem to dispute these explanations; but we must try this case on the record, not on such verbal statements.

If an amendment of the complaint was necessary in order to sustain the verdict, it would perhaps have been an abuse of discretion

for the trial court to grant such amendment after a new trial was granted, and refuse defendant the right to amend his answer by setting up such new matter, and to have another trial. But as no such amendment of the complaint was in fact necessary, it was error to grant a new trial on the ground of a material variance. Plaintiff was entitled to have this error corrected without amending its complaint, and the order giving it leave so to amend its complaint in fact granted it no favor. For this reason, we are of the opinion that the court did not abuse its discretion in refusing to allow defendant to amend his answer as a condition attached to plaintiff's right to amend its complaint.

This disposes of all the questions in the case worthy of consideration, and the order appealed from is affirmed.