JOHN PETERSON and Another v. WILLIAM RUSSELL.[1]

Oct. 15, 1895.

Nos. 9612—(172).

**Guaranty of Note—Indorsement—Statute of Frauds.**

When one not a party to a negotiable note, after it has been delivered to and while it is in the hands of the payee, indorses it in blank upon a valid consideration, for the purpose of assuming the liability of guarantor, such act authorizes the payee to write over the signature the contract of guaranty in full; and, that being done, it is a sufficient note or memorandum in writing to take the case out of the statute of frauds.

**Same—Extension of Payment—Consideration.**

Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, to the effect that the extension of the time of payment of a past-due note is a sufficient consideration to support a promise to pay it, followed.

Appeal by plaintiffs from an order of the district court for Marshall county, Ives, J., denying a motion for a new trial. Reversed.

*Brown & Carr*, for appellants.

Defendant, by signing his name on the back of the note for the purpose of guarantying its payment, thereby authorized plaintiffs to write over it in full the guaranty, or whatever other contract was entered into; and this, when written, was a sufficient note or memorandum to take the case out of the statute of frauds. Moor v. Folsom, 14 Minn. 260 (340); McComb v. Thompson, 2 Minn. 114 (139); Pierse v. Irvine, 1 Minn. 272 (369); Tiedeman, Com. Paper, § 270; Beckwith v. Angell, 6 Conn. 315; Daniel, Neg. Inst. §§ 710, 711, 717; Levering v. Washington, 3 Minn. 227 (323); Kern v. Von Phul, 7 Minn. 341 (426); First Nat. Bank v. National Marine Bank, 20 Minn. 49 (63). In case of indorsements, parol evidence is admissible to explain and bring to light the actual contract that was entered into. Pierse v. Irvine, supra; McComb v. Thompson, supra; Moor v. Folsom, supra; Daniel, Neg. Inst. §§ 708a, 710, et seq.; Tiedeman, Com. Paper, § 270 et seq.; Buck v. Hutchins, 45 Minn. 270, 47 N. W. 808; 1 Greenleaf, Ev. §§ 277, 282, 285, 288. Proof of the facts

[1] Reported in 64 N. W. 555.

and circumstances which took place at the time of the transaction are admissible to aid in the interpretation of the language 'employed. Good v. Martin, 95 U. S. 90; De Pauw v. Bank of Salem, 126 Ind. 553, 25 N. E. 705, and 26 N. E. 151. There was sufficient consideration. Daniel, Neg. Inst. § 185, note 4; Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110; D. M. Osborne & Co. v. Doherty, 38 Minn. 430, 38 N. W. 111; Tiedeman, Com. Paper, §. 170, notes 6, 7, 8.

*A. C. Wilkinson*, for respondent.

The contract was one to pay the debt of another, and it, as well as the consideration, must be in writing. G. S. 1894, § 4209; Wilson S. M. Co. v. Schnell, 20 Minn. 33 (40); Church v. Brown, 21 N. Y. 315; Houghton v. Ely, 26 Wis. 181; Edwards, Bills & Notes, marginal page 231; Hall v. Newcomb, 3 Hill. 233; s. c. 7 Hill, 416; Cromwell v. Hewitt, 40 N. Y. 491; Drake v. Markle, 21 Ind. 433; Van Doren v. Tjader, 1 Nev. 380. Defendant was discharged by delay of plaintiffs in enforcing collection against the maker. 2 Daniel, Neg. Inst. §. 1753; Crane v. Wheeler, 48 Minn. 207, 50 N. W. 1033.

START, C. J. Action to charge the defendant as guarantor of the payment of a negotiable promissory note.

Upon the trial the plaintiffs offered evidence, and then rested, tending to establish the following state of facts: That on May 4, 1892, Thomas Connors made and delivered to the plaintiffs his note whereby he promised to pay to them or order on November 1, 1892, $145. After the maturity of the note, and on March 31, 1893, the defendant agreed with the payees of the note, the plaintiffs, in consideration of their extending the time of its payment to December 15, 1893, to guaranty the payment of the note, and in execution of his agreement he signed his name on the back of the note in blank, and it was returned to the plaintiffs' agent, and they, by such agent, signed a memorandum on the back of the note in these words: "In consideration of Mr. William Russell indorsing this note, payment of the same is hereby extended until Dec. 15, 1893." On January 29, 1894, the defendant refusing to pay the balance then due on the note, the plaintiffs, by their attorney, wrote over the defendant's signature the formal contract of guaranty, in these words: "March

31, 1893. In consideration of the time of payment of the within note being extended until Dec. 15, 1893, I hereby guaranty payment of the within note,"—and brought this action on such guaranty.

Whether the defendant's agreement was to guaranty the note or to indorse it, in the strict sense of the term, is an open question upon plaintiffs' own evidence, but it was sufficient to warrant a finding by the jury that the contract was to guaranty the payment. The trial court dismissed the action, when the plaintiffs rested, exception by them, and from an order denying their motion for a new trial this appeal was taken.

1. What was the legal liability assumed by the defendant by signing his name in blank upon the back of this note, pursuant to his oral agreement to guaranty its payment? This is practically the only question in this case.

It is perfectly manifest that by this irregular indorsement he intended to become responsible to the payees for its payment, in some capacity, as maker, indorser, or guarantor. What liability one who is not a party to a negotiable instrument otherwise than by his indorsement of it, and who is in no manner connected with the title to it or its transfer, assumes by signing his name in blank upon the back thereof, is a question upon which there is much confusion and weighty conflict in the adjudged cases. They cannot be harmonized, and we shall not attempt any analysis of them. In some states, notably in Massachusetts, the question has been put at rest by a statute to the effect that in all such cases, whether his name is placed upon the paper before its delivery to the payee or afterwards, the party shall be charged only as an indorser. This is a certain, practical, and desirable rule; and, if it had been adopted by the courts when the question first arose, it would have saved litigation, and some lying. But we cannot now adopt the rule without disregarding well-settled principles and resorting to judicial legislation.

The position of the name of such a party upon the paper is in itself one of ambiguity. It is an irregular indorsement, and does not, without parol evidence as to when the indorsement was made and its purpose, indicate the relation of the indorser to the paper or the parties to it. He is not strictly an indorser, for the paper is not negotiated or title made through his indorsement; hence there

is a pretty general agreement of the authorities that parol evidence is admissible, as between the original parties, to show the relation of such party to the paper, and to fix his liability as maker, indorser, or guarantor, according to the intention of the parties. Rey v. Simpson, 1 Minn. 282 (380), 22 How. 341; Kern v. Von Phul, 7 Minn. 341 (426); Good v. Martin, 95 U. S. 90; Coulter v. Richmond, 59 N. Y. 478; Tiedeman, Com. Paper, § 270; 1 Daniel, Neg. Inst. §§ 710, 711. In case of regulai indorsements—that is, where the paper is first indorsed by the payee—the law attaches a definite liability to the act, and parol evidence is not admissible to vary it. Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586; Farwell v. St. Paul Trust Co., 45 Minn. 495, 48 N. W. 326. This rule, however, does not apply to an irregular indorsement, except that this court has held that where it is once shown by parol evidence that the name of an apparent stranger to the paper was signed upon the back of it before its delivery to the payee, to induce its acceptance, he will be held as an original maker, and such evidence is not competent to show that he intended to charge himself as indorser only. Peckham v. Gilman, 7 Minn. 355 (446); Robinson v. Bartlett, 11 Minn. 302 (410). We have also held that where such an indorsement is made for a valuable consideration, after the delivery of the paper to the payee, but while it is in his hands and before its maturity, and the payee subsequently indorses it to a bona fide holder, the party making the irregular indorsement will, in favor of such holder, be held as an indorser. Buck v. Hutchins, 45 Minn. 270, 47 N. W. 808. Except as limited in these cases, the general rule that parol evidence is admissible to ascertain the intention of the parties to an irregular indorsement is in force in this state; and such evidence was properly received in this case to show the actual relation the defendant agreed to and did assume with reference to the note in question.

This leaves only the question of the statute of frauds to be considered. The defendant's contract of guaranty was a collateral one to answer for the debt of another, and must, to enable the plaintiffs to enforce it, be evidenced by a note or memorandum in writing expressing the consideration. The signature of the defendant alone on the back of the note is not sufficient. Moor v. Folsom, 14 Minn. 260 (340). Assuming the facts which the evidence tends to estab-

lish, we have a case where the defendant, for a valid consideration, agreed to guaranty the payment of a note then past due, and still in the hands of the payees. His contract excludes the idea that he intended to be held only as an indorser, and, in execution of his contract, he writes his name upon the back of the note and leaves it with the payees, who overwrite his signature with the actual contract he has made, which satisfies in form the statute of frauds. The question, then, in its last analysis, is one of agency only. The actual contract is proved for the purpose of showing the authority to overwrite the signature. Were the payees authorized to thus overwrite the signature? The question is an open one in this state, for although the case of Moor v. Folsom seems to indicate that an affirmative answer should be given to the question, the opinion expressly disclaims any purpose to so decide. It was a matter of indifference who wrote out the formal contract of guaranty after the minds of the parties had met, the contract had been made, and the defendant had signed his name on the back of the note. The writing was only the evidence of what the parties had done. The defendant's signature to it was the material thing. He could sign his name in blank, and authorize the payees or any one else to write his contract over his signature. It was not necessary that the authority to do so should be in writing or expressly given, if clearly indicated by his acts.

In the light of the law and commercial usage, there can be but one reasonable inference to be drawn from the defendant's act in delivering his blank indorsement to the payees in execution of his contract of guaranty. Such act was authority to them to write over his signature anything that was consistent with his undertaking to guaranty the paper.

We are of the opinion upon principle and authority, and so decide, that where one not a party to a negotiable note, after it has been delivered to and while it is in the hands of the payee, indorses it in blank, upon a valid consideration, for the purpose of assuming the liability of a guarantor, such act authorizes the payee to write over the signature the contract of guaranty in full, and, that being done, it is a sufficient note or memorandum in writing to take the case out of the statute of frauds. Beckwith v. Angell, 6 Conn. 315; Ulen v. Kittredge, 7 Mass. 233; Tenney v. Prince, 4 Pick. 385;

Webster v. Cobb, 17 Ill. 459; Chaddock v. Vanness, 35 N. J. Law, 517; Harding v. Waters, 6 Lea, 324; 1 Brandt, Sur. § 176, and notes; Tiedeman, Com. Paper, § 270. Such was the rule in the state of New York at one time, and it is still the law of that state that, where the paper is not negotiable, the holder may overwrite the indorser's name with a contract of guaranty or that of a maker, according to the intention of the parties. Richards v. Warring, 1 Keyes, 576; Cromwell v. Hewitt, 40 N. Y. 491.

2. It is urged by defendant that there was no valid consideration for his contract. The consideration was the extension of the time of payment of a past-due note. This was a sufficient consideration to support the guaranty. Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110.

3. The defendant also claims that he was discharged by the delay of the plaintiffs in enforcing collection against the maker of the note,—citing Crane v. Wheeler, 48 Minn. 207, 50 N. W. 1033. The case is not in point, for the guaranty in that case was the collection of the note; here the payment of the note was guarantied, and mere neglect of the holder to pursue the maker does not discharge the guarantor. Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161.

It follows that the plaintiffs made a prima facie case, and were entitled to have their case submitted to the jury.

Order reversed, and a new trial granted in full.

CANTY, J. I concur in the result arrived at in the foregoing opinion, but not in the reasons given for arriving at that result.

In my opinion, the doctrine is wholly unsound, which holds that one party to a contract within the statute of frauds may constitute the other party his agent to reduce the contract to writing, and thereby take it out of the statute of frauds. The party may authorize his agent to write out the contract or to sign the contract, or both, and the agent's authority need not be in writing, but the agent so authorized must be some one else than the opposite party to the contract. "One rule, however, has been settled, both under the fourth and seventeenth sections, that neither party can be the other's agent to bind him by signing the memorandum. And it makes no difference that the pretended agent has not himself any beneficial interest in the contract, but stands in a fiduciary relation

to third persons, so long as he is, in a legal point of view, the real party to, and the proper one to sue upon, the contract." Browne, St. Frauds (4th Ed.) § 367.  Any other rule would permit the most palpable evasion of the statute of frauds.  But the majority opinion in this case, following the authority of such cases as Ulen v. Kittredge, 7 Mass. 233, and Moor v. Folsom, 14 Minn. 260 (340), is in direct violation of this rule.  The case of Hodgkins v. Bond, 1 N. H. 284, long ago repudiated the doctrine of Ulen v. Kittredge, supra, and it seems to me for good reasons.

I am of the opinion that the plaintiffs are not prevented by the statute of frauds from maintaining this action on the contract implied by the blank indorsement, without writing anything over it, and that the alleged guaranty written by plaintiffs over that indorsement does not in any manner change the real character of the contract which the law so implies from the blank indorsement and all the extrinsic facts appearing from the evidence received on the trial, and that, therefore, this guaranty so written over the defendant's signature is immaterial, and does not defeat a recovery in this action; that the real contract is the same as the one pleaded; and that there is no variance between the pleading and proof.  It is true that defendant did not indorse the note at the time it was made, and before it was delivered, or as a part of the original transaction in which the note was made and delivered, but on the face of the instrument, unexplained, he appeared to have done so; that is, after defendant had so indorsed the note in blank, and before plaintiffs' agent had so written the guaranty over the signature, it appeared to be the signature of a joint maker, who signed his name on the back of the note before it was delivered.  Such a blank indorsement of an irregular indorser, appearing on the back of a promissory note unexplained, is presumed to have been made at the time the note was made, and before delivery, so as to constitute the signer a joint maker.  1 Daniel, Neg. Inst. § 713.  In People's Bank v. Rockwood, 59 Minn. 420, 61 N. W. 457, we held that, where a party signs his name on the back of a negotiable instrument, "the law says that the parties intended to bind themselves by the relations thus apparently assumed"; and this principle runs all through the law merchant.  The indorsement does not on its face appear to be within the statute of frauds, as it appears to be one of the signa-

tures to an instrument which under the law merchant imports consideration. If such an instrument does not on its face appear to be within the statute of frauds, it cannot by parol evidence be brought within that statute.

While there are few adjudications directly on the point, it has long been the prevailing opinion that the statute of frauds was not intended to restrict the law merchant. See 1 Daniel, Neg. Inst. § 567. In the case of Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110, this court took that position. To hold otherwise would be to repeal much of the law merchant so far as it applies to persons signing and indorsing negotiable instruments, who are in fact mere sureties. Instruments under seal also import a consideration, and it has always been held that this rule of law has not been repealed or affected by the statute of frauds. 1 Brandt, Sur. (2d Ed.) § 82. To hold otherwise would be to destroy the liability of every surety on almost every bond, as such bonds seldom express or recite the consideration for the promise of the surety. The books often speak of original and collateral sureties and guarantors, but, as observed by Kent (3 Comm. 123), "there are no such words in the statute of frauds as original and collateral." If the agreement is to answer for a debt or default which is wholly that of another, it is within the statute, the only difference being that the original consideration will support the surety's promise, made as a part of the original transaction, while it takes a new consideration to support his subsequent promise.

If, instead of signing his name on the back of this note, the defendant had signed his name on the face of it, under that of Connors, the principal debtor, he would, on the face of the instrument, appear to be an original joint maker of the note. Could he in that case avoid his liability by showing that he was not in fact an original maker of the note, but that he in fact signed it several months after it came due? Certainly not. This proof would go to show that he was a mere guarantor, and not an original joint maker, and that the original consideration for the note was not the consideration for his promise; but, if there was in fact a new consideration for his promise, he would still be liable. This evidence would not bring his promise within the statute of frauds. The same rule would apply if he had made, signed, and delivered to the order of

plaintiffs his own promissory note, several months after it appeared on its face to be due, of the same date as the original note, and as collateral security for the same debt.    He could not avoid his liability on this note by showing that he was in fact a mere guarantor of the antecedent debt of Connors, if there was in fact a new consideration for his undertaking.    The statute of frauds would cut no figure in the case.    Now, it seems to me that, as far as the statute of frauds is concerned, the case at bar stands on the same footing as it would if defendant had taken either one of these two methods to secure plaintiffs, instead of the method he has taken.    If he had signed his name at the foot of the original note under that of Connors, or had made his own note of the same date and terms as the original note, instead of signing his name on the back of that original note, he would in either case appear to be an original maker, and so he does in the case at bar.    He can no more avail himself of the statute of frauds in the present case than he could if he had taken either of the other two methods to secure plaintiffs.    This rule would not apply in the case of Moor v. Folsom, 14 Minn. 260 (340), as in that case the indorser wrote over his signature the date of his signing, so that it affirmatively appeared by the instrument itself that he was not an original maker.    I know of no principle on which the indorser in that case should have been held liable, as it also affirmatively appeared by the instrument itself that he was an irregular indorser, through whom the note had never passed.