MERCHANTS STATE BANK v. SUNSET ORCHARD LAND COMPANY AND OTHERS.[1]

January 25, 1924.

No. 23,752.

**Extension of time of payment consideration for guaranty of payment.**

1. Where a promissory note given for a previously existing and past due debt is payable at a future day, the extension of time is a sufficient consideration to support a guaranty of payment made by third parties before delivery of the note.

**Foreign statute inapplicable to action on Minnesota contract.**

2. A promissory note executed and payable in this state to a resident of this state is a Minnesota contract, and an action upon it in our courts is governed by our laws. A statute of another state prohibiting bringing more than one action upon such an obligation has no application here, although a mortgage securing the note was foreclosed by action in that state and a deficiency judgment against the primary debtor was rendered therein.

**Enforcement of liability against guarantors.**

3. The guarantors were not parties to the foreclosure action, and their liability may be enforced in the present action.

Action in the district court for Hennepin county to recover $1,534.24, and interest, on a promissory note. The facts are stated in the first paragraph of the opinion. The case was tried before Baldwin, J., who when plaintiff rested granted plaintiff's motion for judgment in its favor. From an order denying their motion for a new trial, defendants Albert Wunderlich, E. M. Ferguson and L. F. Gran appealed. Affirmed.

[1]Reported in 196 N. W. 963.

*Mart M. Monaghan,* for appellants.
*Fowler, Carlson, Furber & Johnson,* for respondent.

TAYLOR, C.

On February 19, 1916, the Sunset Orchard Land Company, at St. Paul, Minnesota, executed to the Merchants State Bank of Lewisville, Minnesota, its promissory note whereby it promised to pay to the order of the bank, one year after date, at Lewisville, Minnesota, the sum of $1,980.50, with interest thereon at the rate of 8 per cent per annum. As a part of the same transaction the individual defendants, all of whom are stockholders of the land company, guaranteed the payment of the note by an indorsement upon the back thereof. The note was also secured by a mortgage on a tract of land in the state of Montana. After the note became due, the bank foreclosed the mortgage by action, applied the proceeds thereof on the note, and obtained a deficiency judgment in the Montana court against the land company for the balance due thereon. The guarantors, who seem to have been residents of this state, were not parties to the Montana action. The Montana court permitted the bank to withdraw the note from its files, but first caused it to be indorsed: "Canceled by order of court as to maker only." The bank brought suit on the note in this state against the guarantors. They interposed a lengthy answer, but admitted the execution of the note and of the guaranty. At the trial, when plaintiff rested, the court sustained an objection to the reception of any evidence under the answer on the ground that it stated no defense, and directed judgment for plaintiff. Defendants Wunderlich, Ferguson and Gran appealed from an order denying a new trial.

Defendants contend that their guaranty of payment was without consideration for the reason that the note was given for a previously existing debt of the land company to the bank for which they were not personally liable. This debt was past due and the note by its terms extended the time of payment for a period of one year. This was a sufficient consideration to support the guaranty conceded to have been executed before the delivery or acceptance

of the note. Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63
N. W. 1110; Peterson v. Russell, 62 Minn. 220, 64 N. W. 555, 29
L. R. A. 612, 54 Am. St. 634; Bank of Montreal v. Beecher, 133
Minn. 81, 157 N. W. 1070; Security Nat. Bank v. Pulver, 131 Minn.
454, 155 N. W. 641; American Multigraph Sales Co. v. Grant, 135
Minn. 208, 150 N. W. 676.

Defendants further contend that under the Montana statutes
plaintiff can maintain only one action for the recovery of its debt
and the enforcement of its mortgage, and that, having brought an
action in Montana and obtained a judgment against the land com-
pany in a Montana court, it is barred by the Montana statute from
maintaining an action in the courts of this state against the
guarantors. The statute relied upon merely regulates the procedure
in Montana and has no extra-territorial force. The note was exe-
cuted in Minnesota and is payable in Minnesota to a Minnesota bank.
It is a Minnesota contract. An action upon it brought in the courts
of this state is governed by the laws of this state. Even conceding
that the Montana statute goes to the extent claimed by defendants,
which we doubt, it does not affect this action. Hewitt v. Dredge,
133 Minn. 171, 157 N. W. 1080.

The fact that the Montana court treated the liability of the land
company on the note as merged in the judgment rendered by that
court and caused the note to be indorsed as canceled as to the land
company, did not affect the liability of the guarantors nor pre-
clude plaintiff from maintaining this action. Wood v. Bragg, 75
Minn. 527, 78 N. W. 93.

The learned trial court was correct in its ruling and its order is
affirmed.