# Boreland *versus* Washington County.

It is not a bar to an action against the sureties of a collector of state and county taxes, that at the time of his appointment he was in default as collector for the previous year. The Act prohibiting such appointment is but directory: the appointment was not void.

ERROR to the Common Pleas of *Washington county*.

Kinnan was appointed by the Commissioners of Washington county, collector of the state and county taxes in Peters township for the year 1847; and was again appointed collector for said township for the year 1848. The plaintiffs in error, Boreland and Philips, were the sureties of said Kinnan in his bond for 1848. At the time said bond was given, April 12, 1848, Kinnan was a defaulter to the amount of $189.78, on the county duplicate for 1847, and to a small amount on the state duplicate for said year. Judgment was entered in the Common Pleas of said county against Kinnan, Boreland, and Philips, in pursuance of the power contained in said bond. Kinnan failed to pay the full amount of the taxes collected by him on the duplicate for 1848, and became insolvent.

The plaintiffs in error, who were sureties of Kinnan for the year 1848, and co-defendants with him in the judgment, presented their petition to the Court, setting forth the above facts, and averring that at the time they entered into the bond they were not acquainted with the fact that Kinnan was a defaulter, but joined in it believing that he had fully paid over the whole amount of the state and county taxes on his duplicates for the preceding year, the Act of Assembly requiring that the whole amount be paid over before he could be reappointed; that the bond was brought to them by Kinnan at their homes, several miles from the county seat, &c.

They prayed that a rule be granted on the Commissioners to show cause why the judgment should not be stricken from the record, so far as the sureties were interested, or a feigned issue directed to try the question of their liability on the bond upon which the judgment was entered; and that proceedings against them be stayed in the mean time.

Act passed 11th April, 1799, section 18: "No person shall be

[Boreland *v.* Washington County.]

reappointed a collector who has not *finally settled and paid off the whole amount of the balance due on former duplicates*, or given security for the payment thereof:" *Dunlop*, last ed. 216.

Act of 15th April, 1834, section 42: "No person shall be reappointed a collector of county or township rates and levies, who shall not have finally settled and paid over *the whole amount received by him* on former duplicates:" *Dunlop*, last ed. 640.

Act of 28th February, 1835, section 5. "No person shall be appointed collector of county rates and levies *who shall not have paid over the whole amount* of his former duplicates:" *Dunlop*, last ed. 662.

GILMORE, J., was of opinion that the Acts of Assembly on this subject were made for the benefit of the several counties, and for the regulation of its officers; were merely directory to the officers, and constituted no part of the contract with the sureties of a collector. He referred to the case of United States *v.* Kirkpatrick, 9 *Wheaton* 720; United States *v.* Nicholls, 12 *Id.* 505.

The rule was discharged.

Error was assigned to the opinion of the Court, and to the refusal to strike off the judgment.

*Acheson* and *Wilson*, for plaintiffs in error.—It was contended, though Kinnan was collector *de facto*, yet that he was not collector *de jure*, and his appointment was a fraud upon the sureties, and illegal as far as they were concerned; reference was made to 1 *Ser. & R.* 385, Commonwealth *v.* Commissioners; 7 *Johnson* 339; 2 *John. Ch.* 562; 4 *Barr* 165, Wilson *v.* Commonwealth.

*Watson* and *Montgomery*, contrà.—In addition to the authorities noted by the Court below, reference was made to United States *v.* Vanzandt, 6 *Condensed Rep.* 263–6–7; 2 *W. & Ser.* 37.

As to the position that Kinnan, though collector *de facto*, was not so *de jure*, reference was made to the opinion of KENNEDY, J., in Zeigler *v.* Sprenkle, 7 *W. & Ser.* 175.

The bond was submitted to the sureties by Kinnan, and if he misinformed them as to the state of his account, the county or the Commonwealth is not to be prejudiced.

The opinion of the Court was delivered, December 20, by

LOWRIE, J.—The question here presented is, is it a bar to an action against the sureties of a collector of taxes, that, at the time of his appointment, he was in default as collector for the previous year? The Court below decided this question in the negative, and this is right.

Certainly his appointment, under such circumstances, is pro-

[Boreland *v.* Washington County.]

hibited by law; but what is the purpose of the prohibition? Unquestionably it looks only to the public protection, and to securing punctuality and honesty in the settlement of collectors' accounts. It is intended to be in addition to the security furnished by the bond; and it would be strange, if this abundant caution should be construed into an abandonment of all security. It is a rule intended to direct officers in their duty to the state or a portion of it. If it be transgressed, there is a breach of duty; but duty to whom? To the state surely, and not to any of its citizens; and county commissioners may some day have to pay for the breach of it. If this regulation had been established for the protection of sureties, then the breach of duty would have been an injury to them that might *possibly* be remedied by sustaining this defence.

Judgment affirmed.