IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

### WESTERN DISTRICT—PITTSBURGH 1855.

## Bower and Others *versus* Commissioners of Washington County.

An erroneous publication by the commissioners of a county, mistaking the condition of the accounts of a collector of taxes, for one year, is no ground for the discharge of the sureties in the bond of the same collector for the following year.

ERROR to the Common Pleas of *Washington county*.

This was an application, by the sureties upon the bond given to the commissioners of Washington county by G. Kinnan, who was collector of state and county taxes in Peters township for the year 1849, to be relieved from their said obligation, on the ground of misrepresentation and fraud in procuring the same.

Kinnan had been appointed collector for Peters township for 1848, and was reappointed for 1849. On the 15th March, 1849, Bower and Philips, the petitioners, became his sureties for the year 1849, and judgment was entered upon the bond.

On the 1st January, 1849, Kinnan was in arrear on the county duplicate for 1848, $306.04, and on the state duplicate for the same year, $748.35. On the 3d of February the commissioners made their annual publication of receipts, disbursements, and outstanding taxes, in conformity to law, in all of which it was represented that Kinnan, subsequent to the 1st January, 1849, had paid the balance against him in full, when in fact he was, on the 3d of February, in arrear on the county duplicate for 1848, $305.20, and on the state duplicate for the same year, $633.35.

The petition of Bower and Philips sets forth the above facts, and avers that they had seen the said publication over the signature of the commissioners, before entering into the bond as sureties for Kinnan, and confiding in the statement therein contained, executed the bond in the full belief that Kinnan was not a defaulter, but had paid all arrears for the preceding year; and for these reasons prayed that the judgment upon the bond should be discharged as regards them.  The Court refused the rule applied for, and defendant excepted.

*Acheson* and *Wilson*, for plaintiff in error, distinguished between the case at bar and that of Borland *v.* Washington County, 8 *Harris* 150, 9 *Wheat.* 720, United States *v.* Vanzandt, 11 *Wheat.* 184, and like cases, which refer to matters of laches or neglect subsequent to the liability of the sureties.

But acts done by the officer after the surety's liability has attached, may operate to his relief: United States *v.* Howell, 4 *W. C. C.* 629, *Wh. Dig.* ed. 1850, *Surety*, § 95; 3 *W. C. C.* 70.

This case presents stronger ground for relief.  The matter complained of was a false representation made by the commissioners *before* the execution of the bond, which rendered the liability of the sureties.

Is government absolved from all responsibility on account of the false representations of her authorized agents? and are individuals entering into obligations with her bound under all circumstances to fulfil them?  The rule that fraud vitiates every contract should have no exception: Goepp's Appeal, 3 *Harris* 428, 4 *Wash. C. C.* 26; 6 *Wheat.* 680.

*Watson* and *Montgomery*, for defendant in error.—The publication was a mere mistake, a typographical error.  The state cannot be injured by the laches of its agents: 9 *Wheat.* 720; 1 *Harris* 619.  As to the distinction taken that in this case there was a positive unauthorized act done, see the case United States *v.* Vanzandt, 6 *Cond. Rep.* 267, and Borland *v.* Washington County, 8 *Harris* 150.

The defendants should have shown that the publication caused their loss, and brought on them this liability.  The same rule will govern the case at bar as if the case was between the plaintiffs in error and the state: Commonwealth *v.* Brice, 10 *Harris* 211.

The opinion of the Court was delivered by

LOWRIE, J.—The sureties of a tax collector ask to be relieved from their bond, because they were induced to enter into it by seeing a newspaper publication of the accounts of the county, in which it was erroneously stated that the collector had settled up his previous year's duplicate in full: an error, it seems, of the

[Bower *v.* Commissioners of Washington County.]

printer. We think that the learned judge of the Common Pleas was right in deciding that this is not a ground of relief. Such publications are intended for the general information of the public on the subject of the annual receipts and expenditures, and as such are valuable. But they are subject to mistakes, and therefore to correction, and the county is not bound by any representations in them. It cannot be regarded as prudent for any person to rely upon any fact therein stated as a motive for action. When information is wanted relative to the state of any account, prudence would require that it be sought at the office of the commissioners, and we should not like to say now that this relief could be granted, even if this erroneous information had been obtained there. Usually those who suffer by the mistakes and misconduct of public officers must look to them for compensation, and not to the public.

Judgment affirmed.