## Commonwealth to use *v.* Jimison, Appellant.

*Principal and surety—Public officers—Collector of delinquent taxes—Concealment from surety.*

There is a clear distinction, between the liabilities of sureties on an obligation to an individual or private corporation and to a public municipal corporation.

The surety on the bond of a collector of delinquent taxes is not relieved from liability because the county treasurer knew at the time he appointed the collector that the latter was a defaulter for previous years, and did not reveal this fact to the surety when the bond was taken. The duty of revealing the fact to the surety was only a moral duty, and the public is not answerable to third persons for the neglect of public officers to perform moral duties.

*Public officers—Collector of delinquent taxes—County treasurer.*

In Montgomery county the county treasurer has a right to appoint collectors of state and county taxes in townships, and to approve their bonds.

Argued Feb. 3, 1903. Appeal, No. 1, Jan. T., 1903, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1901, No. 122, on verdict for plaintiff, in case of Commonwealth to use of Montgomery County v. Edward J. Jimison et al. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a bond of suretyship. Before WEAND, J.

The defendant filed the following demurrer to the statement:

1. The plaintiff's statement fails to show that Jacob L. Loper, the alleged tax collector, was elected to said office according to law or ever became such collector de jure.

2. The statement shows that the alleged bond, signed by demurrants, was not approved according to law and, therefore, never became effectual.

3. Upon the face of the bond it was not given in accordance with the act of assembly in such case made and provided.

The facts are stated in the opinion of the Supreme Court.

At the trial the court directed a verdict in favor of the plaintiff.

Verdict and judgment for plaintiff for $4,732.68. Defendant appealed.

*Errors assigned* were (2) in giving binding instructions for plaintiff ; (4) in overruling demurrer.

*N. H. Larzelere*, with him *Gilbert Rodman Fox* and *N. H. Gibson*, for appellant.—It must be conceded that as between all private parties, the concealment by the obligee in a bond of the fact that the principal was a defaulter at the time of the execution of the bond is a fraud upon the sureties and avoids the bond as to them : Lauer Brewing Co. v. Riley, 195 Pa. 449 ; Bolz v. Stuhl, 4 Pa. Superior Ct. 52.

The local acts relating to Montgomery county are the Act of April 5, 1860, P. L. 665, and the Act of March 17, 1868, P. L. 342 ; also the Act of May 10, 1871, P. L. 659. These acts shaped out a complete method of appointment and duties after appointment. These acts were repealed by the Act of June 6, 1893, P. L. 333 : Com. v. Wunch, 167 Pa. 186 ; Buckwalter v. Lancaster County, 12 Pa. Superior Ct. 272 ; Com. v. Middletown Borough, 3 Pa. Dist. Rep. 639 ; Com. v. Schneipp, 166 Pa. 401.

*J. P. Hale Jenkins*, for appellee.—Appellant's counsel does not seem to distinguish the cases affecting municipalities from individual employers or private corporations. That a different rule applies to bonds of officers obtaining municipal appointments from those employed by private persons or private corporations, is universally accepted. The law clearly is, that the rules invoked by sureties do not apply to a municipal corporation, and that upon the ground of public policy, a municipality is not bound by its officers or agents to disclose facts even in cases where individuals and private corporations would certainly be bound to speak : United States v. Kirkpatrick, 9 Wheaton, 720 ; City of Harrisburg v. Guiles, 192 Pa. 191 ; Boreland v. Washington County, 20 Pa. 150 ; Wayne v. Commercial Nat. Bank, 52 Pa. 343.

It is confidently submitted that it makes no difference whether the appointment of Loper was regular or irregular. By color of law, at least, he claimed that he was entitled to receive the appointment as collector, and having qualified by giving the bond in suit he was de facto the collector, and responsible with his sureties for the due execution of his trust : Zeigler v. Sprenkle, 7 W. & S. 175.

OPINION BY MR. JUSTICE DEAN, April 20, 1903:

On September 30, 1897, Jacob L. Loper, was appointed collector of delinquent taxes of the township of Cheltenham for the year 1897 and the duplicate delivered. The appointment was made by the county treasurer upon whom the law conferred that authority. The taxes on the duplicate which it was the duty of Loper to collect amounted to about $4,500. He tendered a bond in sum of $9,000 with appellants as sureties, which was accepted and approved by the county treasurer. The bond, after reciting the appointment of Loper and the delivery to him of the duplicate, has but the single condition, that Loper shall collect the taxes charged upon the duplicate and pay them over to the county treasurer within three months after the delivery of the warrant with the schedule of taxes therein contained, less exonerations. It appears that Loper had been appointed and served as collector of delinquent taxes of the same township for the years 1894, 1895 and 1896. There was a balance due on the county treasurer's books of the duplicate of 1897, at the date of this suit, August, 1901, of $3,618.68; there also remained charged against him on the other three duplicates, according to the treasurer's books, an aggregate amount of $9,811.12. The collector had made one payment to the county treasurer of $600 on the 1897 duplicate, leaving him in default on that duplicate the balance already noted. The county commissioners brought this suit in the name of the commonwealth against the sureties on the 1897 bond to recover that balance, and after hearing the court peremptorily directed the jury to find for plaintiff and entered judgment accordingly. From that judgment the sureties bring this appeal assigning four errors.

The first assignment practically includes all the complaints made by appellants, and we will discuss them all, so far as they demand discussion, under that head. The sureties requested the court to charge: " That under the undisputed evidence in the case, the verdict must be for the defendants."

The undisputed evidence was that Loper at the time the sureties executed the bond was a defaulter on the three older duplicates for the years 1894, 1895 and 1896; this fact was necessarily known to the county treasurer when in face of the law he again appointed him collector for the year 1897; the

sureties were not informed by the county treasurer of Loper's previous default when they executed the bond; so far as appears they were ignorant of it; the books of the county treasurer showing the accounts between the county and its collectors for those years were public accounts which the law directed the county treasurer to keep and were open and accessible to all who had sufficient interest to examine them; while the treasurer did not notify the sureties that Loper was behind in his payments for those years there is no evidence that he practiced any intentional concealment from, or made any wilful misrepresentations to the sureties. The single question then is, does the failure of the county treasurer to notify the sureties of a material fact well known to him relieve the sureties of their obligation on the bond? It may be assumed, as the settled law sustained for many years by a large number of authorities, that there is a clear distinction between the liabilities of sureties on an obligation to an individual or private corporation and to a public municipal corporation. Since United States v. Kirkpatrick, 9 Wheaton, 720, this distinction has been asserted and maintained determinedly. It is not based on any difference of moral obligations of the state or municipality and those of the individual, but wholly on the ground of public policy. The public demands from its officers strict performance of their official duties and in large degree must suffer from their nonperformance; but it is not answerable to third parties for their neglect to perform only moral duties. Any other rule would bring disaster to the public. Here it was the official duty of the county treasurer to receive the public moneys, to keep correct accounts, and to pay over to his successor any balance in his hands at the end of his term. Perhaps, morally, it was his duty to say to Loper's sureties when they were about to go on his bond, that he had not yet paid over the amounts on his three previous duplicates, but his official duty as county treasurer did not require him to do so, that is, to act as neighbor or guardian to third persons.

The case of Bower v. Washington County, 25 Pa. 69, is very nearly this one. There Bower was one of the sureties for Kinnan who had been appointed collector of state and county taxes for the year 1848 by the county commissioners; he had been appointed for the previous year 1847, and at the second

appointment was a defaulter for that year; at that time the act of assembly forbade the appointment the second time of any person who had not paid over the whole amount of his first duplicate. The surety sought to be relieved from his obligation, because he was not informed that Kinnan was a defaulter for 1847 and because his appointment in the face of the prohibition of the act of assembly was illegal. This court held the surety liable, saying the act of assembly was for the protection of the public and not of the sureties; that while the second appointment was a breach of duty to the public, that act was only intended as security to the public additional to the bond. Here the surety was not informed of the previous default; in fact, he might well assume that there was none, for if there had been, the commissioners were forbidden by law to reappoint the collector.

But the mere silence of the county treasurer as to the previous default is relied on in this case. To the same effect are Harrisburg v. Guiles, 192 Pa. 191, Wayne v. Commercial Nat. Bank, 52 Pa. 343, and Boreland v. Washington County, 20 Pa. 150. In this last case there was actual publication by the county commissioner that the delinquent tax collector had paid up in full on his previous duplicate; the surety on the second bond sought to be relieved because of the actual misrepresentation. The very reverse of this is the law as to sureties on bonds to individuals and private corporations. In such cases a material misrepresentation by the servant or official whose duty it is to accept the bond is a fraud upon the surety and avoids it: Lauer Brewing Co. v. Riley, 195 Pa. 449. Therefore we are clearly of the opinion, this being a bond to protect the public, that whatever inference the sureties may reasonably have drawn from the silence of the officer who accepted and approved it, their liability is fixed by the terms of the bond alone.

As to the third assignment, that the court below did not assume absolutely, as a fact, that Loper on his former duplicates was a criminal embezzler of public money, but was merely a defaulter, we think it wholly immaterial which he was. The controlling fact was, that he had not paid up as it was his duty to do and it was the failure to disclose this fact by the treasurer of which the surety complains.

The fourth assignment alleges the court erred in overruling

defendants' demurrer to plaintiff's statement. A careful comparison of the statement with the acts of assembly and the conditions of the bond with the statutory duties of the collector leads to the conclusion that the court properly overruled the demurrer.

Therefore, all the assignments of error are overruled and the judgment is affirmed.