| 195 | 449 |
|---|---|
| 205 | 371 |
| 205 | 374 |
| 22 SC | 256 |

## Lauer Brewing Company *v.* Riley.

*Principal and surety—Bond—Release of surety—Concealment of fact that principal is a defaulter.*

The concealment by the obligee in a bond of the fact that the principal was a defaulter at the time of the execution of the bond is a fraud upon the sureties and avoids the bond as to them.

Argued April 11, 1900. Appeal, No. 95, Jan. T., 1900, by plaintiff, from order of C. P. Luzerne Co., June T., 1889, No. 107, refusing to take off nonsuit in case of the Lauer Brewing Company *v.* Robert P. Riley, Andrew Crossen, now represented by his executor, James P. Gorman and John Carr. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon a bond.

At the trial the uncontradicted testimony showed that on March 21, 1889, when the sureties signed the bond in suit, the principal, Riley, was a defaulter to the plaintiff in the sum of $2,998.38, and that this fact was concealed from the sureties.

The court entered a compulsory nonsuit as to the sureties which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Thomas Darling*, with him *Gustav Hahn*, for appellant.

*Edward A. Lynch*, with him *John T. Lenahan* and *James L. Lenahan*, for appellees, cited Wayne v. Commercial Nat. Bank, 52 Pa. 343; Franklin Bank v. Cooper, 36 Me. 179; Wilmington, etc., R. R. Co. v. Ling, 18 So. Car. 116; Woods v. Wilson, 37 Pa. 379.

PER CURIAM, April 23, 1900:

The only question raised on this record is the refusal of the court below to take off the compulsory nonsuit entered as to the defendants Crossen and Carr. As to them it appeared by the plaintiff's testimony that at the time they became sureties on Riley's bond to the plaintiff, Riley, the principal in the bond, was a defaulter, and a debtor as such to the plaintiff and that this fact was withheld from the sureties. That this was a good defense against the bond on the part of the sureties was ruled by this court in the case of Wayne v. Commercial National Bank, 52 Pa. 343. Such a concealment of such a fact known to the obligee at the time of taking the bond, as was the fact in this case, is a fraud upon the sureties and avoids it as to them. The rulings in Portner v. Kirschner, 169 Pa. 472, and Farmers, etc., Nat. Bank v. Braden, 145 Pa. 473, are not upon this point and they are, therefore, not applicable.

Judgment affirmed.