JAMES K. ALLEN ET AL. *v.* LEFLORE COUNTY.

1. DEEDS. *Duress. Husband and wife.*

A deed executed by a wife to a county, purporting to convey her lands in payment of a sum due by her husband as a defaulting officer, is void if the same be coerced by declarations of the district attorney to the effect that her husband would be sent to the penitentiary if it were not executed.

2. SAME. *Statute of limitations. Suit for land.*

An action of ejectment to recover lands conveyed by a wife under duress is not barred by limitation if begun within ten years after the duress ceases to be operative.

FROM the chancery court of Leflore county.

HON. A. MC. KIMBROUGH, Chancellor.

Leflore county, appellee, was complainant, and Allen and others, appellants, were defendants in the court below.

One Allen, appellants' ancester, was the county treasurer of Leflore county. He became short in his accounts something over $4,000, and was threatened with indictment for embezzlement. This being the state of affairs the legislature passed an act, approved March 16, 1886 (laws 1886, p. 772), authorizing the board of supervisors of the county "to take from said Allen, land in such quantities as they may determine, in settlement of said indebtedness," etc. Allen owned some lands himself, his wife owned other lands. A deed, the one mentioned in the opinion, conveying all of the lands owned by each, the husband and the wife, was executed to the county in pursuance of said act of the legislature, the wife joining in its execution under the facts stated in the opinion. Allen, the defaulting treasurer and his wife, are both dead, the wife dying first. After their death their heirs, appellants, began an action of ejectment for the lands, which were intended to be conveyed by and are described in the deed to the county. Because of a

defective description of the land in said deed, the county began this suit to enjoin the ejectment and to reform its deed. The defendants, appellants, answered, setting up that the deed was obtained by duress. From a decree in favor of the county the defendants appealed to the supreme court.

*Mayes & Harris*, for appellants.

The deed of conveyance of 1886 was void because given under duress *per minas*. This deed must be considered, however, from the twofold point of view, first, as the deed of Mrs. Allen, secondly, as the deed of Mr. Allen, since some of the land was held by each of them.

The whole subject is fully treated in 10 Am. & Eng. Enc. L. (2d ed.), 324–330. We especially cite the court to the following propositions of the work cited on the points directly germane to the testimony in this case:

1. Threats of imprisoment constitute duress. Page 340.

2. The necessary imminence of the danger is fully met in this case. Page 341.

3. The guilt or innocence of Allen is immaterial. Pages 344, 345, note.

4. Duress of the husband will avoid the contract by the wife. Page 329.

5. Evidence of communication of threats by husband to the wife is competent. Page 330, and note citing *Giddings* v. *Bank*, 104 Iowa, 676.

Reading the testimony in this case, there can be no reasonable doubt as to the frame of mind in which Mr. Allen, and especially Mrs. Allen, executed the deed in controversy. So far as Mrs. Allen's deed is concerned, even if it were not true that the testimony in this case made out duress in its most technical form, it would still be true that this deed, so far as she is concerned, ought to be set aside because of the equitable doctrine of "undue influence." The testimony shows plainly that she was subjected to two influences: first, she was pursued

by the district attorney and by the bondsmen, and, secondly, she was pursued by her husband. The husband was manifestly coerced into doing so because of the imminent threats of punishment of himself. It still remains true that, whether he was excusable or not for having brought such influence to bear against his wife, those influences were brought to bear. Considering such influences alone, the deed of Mrs. Allen ought to be set aside as having been obtained by undue influence. 2 Pomeroy's Eq. Jur., secs. 950, 951. ·

So far as the ten years statute of limitations is concerned, the county getting title in the way in which it did get it, is estopped to set up the statute of limitations. *Barnett* v. *Nichols*, 56 Miss., 622; *Kelly* v. *Wagner,* 61 Miss., 299; *Matthews* v. *Matthews*, 66 Miss., 239; *Lucas* v. *Mortgage Co.*, 72 Miss., 366.

*Monroe McClurg*, for appellee.

The act of 1886 (laws of 1886, p. 772) is not in conflict with any provision of the constitution of 1869. There is no constitutional prohibition, and it must stand. Both grantors have acted by virtue of this act, and they are bound by it whether petitioning for it or acting voluntarily under it. Where a party conveys his lands to the board of supervisors, neither he nor his privies can question the power of the board to acquire and own land; the sovereign alone can object. *Quitman Co.* v. *Stritze*, 70 Miss., 320; 4 Am. & Eng. Enc. L., 232–234, and notes; *Jefferson County* v. *Grafton*, 74 Miss., 435.

The deed recites the settlement of the $4,000 owing the county. The payment of that acknowledged obligation was the real consideration, and the grantors, their heirs and privies, are bound by it. *Magee* v. *Mellon* (1852), 23 Miss., 585; *Robbins* v. *McMillan* (1853), 26 Miss., 434; *Nixon's Heirs* v. *Carco's Heirs*, 28 Miss., 414; *Hyde* v. *Warren et al.*, 46 Miss., 13.

The wife has full power to convey her lands in settlement of

her husband's debts.   Code of 1880, § 1167; *Rozelle* v. *Dickerson*, 63 Miss., 538 (544).

When the county relinquished its claim against Allen and the sureties on his bond, a sufficient consideration passed to uphold the transaction.   There was no duress, no threats that were personal to Mrs. Allen, not a word of it.   *State* v. *Harney*, 57 Miss., 883; 1 Story on Contracts, sec. 509, *et seq.;* code 1880, §§ 1167, 1193.   Besides, she must offer: (1) Restitution of the money embezzled, the purchase price.   *Simonton* v. *Bacon*, 49 Miss., 582.   (2) She must act in a reasonable time. Tiedeman on Real Property, 796.   (3) Show that the duress has been continuous, for if it clearly appears, either from acts or convincing circumstances, that she has ratified the act, she is estopped.   1 Story on Contracts, 523; 64 Miss., 8.

It is certain that there was no duress.   Perhaps the respondant's exact position would be more correctly stated by the plea of undue influence pure and simple, and on this plea they assume the burden.

Every case is governed by its own peculiar facts.   It is not enough to show that other influences than those recited in the acts and the deed moved them to the execution of the instrument, but it must be further shown by clear and unquestioned proof, strong enough to overcome the solemn recitals of the deeds and acts, that those influences were as strong as charged in the answer and cross bill, to wit: that the Allens were overcome by them, that free agency was lost.

That a prosecution was pending is not sufficient; that all the parties feared an indictment is not enough; weakness in the mental or physical condition of Mrs. Allen will not do; the test is, "Was there any unfairness in the transaction? Was this deed obtained by fraud, circumvention or undue influence?"   It must be shown that the other party used some undue means to draw him into the agreement.   "Was he led into it by unfair means which amount to fraud, deceit or imposition?"   Apply these tests laid down by our supreme court,

and the plea vanishes.    Every witness was their friend and anxious to see them extricated from their troubles.    *Simonton* v. *Bacon*, 49 Miss., 582; 6 Am. & Eng. Enc. L. (1st ed.), p. 94, notes; *Towson* v. *Moore*, 173 U. S., pp. 17–25.

Argued orally by *E. Mayes*, for appellant, and *Monroe McClurg*, for appellee.

CALHOON, J., delivered the opinion of the court.

On the facts we affirm the learned chancellor as to the lands owned by the deceased father of appellants, because it is fairly deducible from the evidence that he, who was morally and legally liable for his shortage as treasurer of the school fund, in fact wanted to and did suggest, the conveyance of all his land in satisfaction.    It may also be true, and, perhaps, is, that he intended his wife's lands also, thinking, as most husbands unfortunately do, that she would do as to her property what he wished done.

It seems to us palpably plain from this record that she did not consent, but refused to execute the deed involving her lands, and that she never would have done so but for the threats that, if she did not, her husband would be put in the penitentiary, than which a more terrible duress could not be put on a wife, and this as coming from the district attorney, a most estimable gentleman, who boarded with her, with the grand jury and board of supervisors in session, backed by the consensus of public opinion in the county as to the alternative result of her refusal.    It is absolutely clear to us that the deed to the county was not the product of the free will of this highly excitable lady.    Such influences can never be overestimated in their effect on the mother of children, and the suggestion of such conveyances of property should come from her.    The choice between disgrace by imprisonment of her husband in the penitentiary and the poverty of her little children, put by the officers of the law, is too oppressive on the heart of a wife and

mother to admit of free action of the mind. Action so influenced cannot be availed of, under the law of this land, by individuals, counties, states, potentates or powers.

The statute of limitations certainly cannot be relied on as commencing to run during the after two years of her life, because her husband was alive and the duress still in force, and the suit was brought within ten years of her death.

The injunction against the prosecution of the ejectment suit is affirmed as to Mr. Allen's land, and dissolved as to the land of Mrs. Allen. In this case each party is taxed with one-half the costs in this and the chancery court.

*Reversed in part, affirmed in part and remanded.*