CORA M. HENRY, et al., Appellees, v. STATE BANK OF
LAURENS and the FIDELITY SAVINGS BANK, Intervener,
Appellants.

**Negotiable instruments:** CONSIDERATION. A note given by one
claimed to be a defaulter, for the amount due, and a
collateral note given by another to secure the payment of the
same debt are both supported by a sufficient consideration, in
the absence of evidence to the contrary.

**Cancellation of instruments:** DURESS: PROOF. In an action to
cancel an instrument given as security for the defalcation of
another, on the ground of duress and threats to prosecute the
one for whose benefit it was given, a criminal liability of the
principal debtor need not be shown, nor will his innocence re-
lieve the payee from the effect of his conduct.

**Execution of instruments:** DURESS: RATIFICATION. An instrument
which is void as contrary to public policy, because executed
under duress, is not rendered valid by its delivery with the
maker's consent.

**Mortgages:** ILLEGAL CONSIDERATION: ENFORCEMENT. The assignee
of a nonnegotiable note, or one so indorsed as not to be
within the law merchant, cannot enforce a deed given to
secure the same which is void because of an unlawful con-
sideration.

**Notes:** ILLEGAL CONSIDERATION: BONA FIDE HOLDER. The innocent
purchaser of a note given for an illegal consideration may en-
force the same, in the absence of a statute to the contrary.

*Appeal from Madison District Court.* — HON. J. H. APPLE-
GATE, Judge.

TUESDAY, JUNE 12, 1906.

SUIT in equity to cancel a note and a deed to a certain
house and lot made as security for the note. Trial to the
court, decree for plaintiffs, and defendants appeal.—*Af-
firmed.*

*J. J. Crossley* and *F. C. Gilchrist,* for appellants.

*Wilkinson & Wilkinson* and *J. E. Tidrick,* for appellees.

DEEMER, J.— July 21, 1902, plaintiff, Cora Henry, executed to the State Bank of Laurens her note for the sum of $4,434.61, payable in five yearly installments. To secure this note she at the same time executed a deed for a house and lot owned by her in Winterset, Iowa, and the bank at the same time gave plaintiff a written statement that said deed was held as security for the note; plaintiff to pay taxes, insurance, and interest on another loan. This action is to cancel the note and the deed upon the ground that the same were secured through duress and threats made by the president of the defendant bank. The Fidelity Savings Bank intervened in the action, claiming to be the owner of the note and the deed to secure the same, and asking judgment for the amount of said note and a foreclosure of plaintiff's equity of redemption under the deed. The original defendant denied the duress and threats, and answered that it sold the note, and assigned the deed before the maturity of the note to the aforesaid intervener. Plaintiff in reply denied the transfer of the note and deed, and pleaded that the same was without consideration and in bad faith. She also averred that nothing passed by the assignment of the deed to intervener. Plaintiff pleaded practically the same matter in defense to the petition of intervention. In reply to plaintiff's answer to the petition of intervention, intervener pleaded confirmation and ratification of the note and mortgage, and an estoppel upon plaintiff from denying the validity thereof. Upon these issues the case was tried, resulting in a decree canceling both note and deed, and dismissing the petition of intervention. Defendant and intervener each appeal.

The exact claims made by plaintiff are that the note was given by reason of threats made by the president of defendant bank to prosecute her brother, who had been an em-

ployé of the bank and who it was claimed was a defaulter, for the crime of embezzlement; that the note was without any other consideration than an agreement to compound the brother's felony; and that but for threats to prosecute him for his offense and the promise to compound she would not have executed the papers. Defendants deny each and all of these allegations, say that the papers were executed to secure a debt of defendant's brother without duress or threats; that the brother was not in fact guilty of any crime, and, even if he were that they had the right to take security for the money he had abstracted from the bank; that plaintiffs ratified and confirmed the instruments, and are now estopped from denying their legality. Intervener also contends that it is an innocent holder of the instruments for value and before maturity, and is entitled to its judgment and decree of foreclosure.

The making of the note and defeasance are admitted. But it appears that at the same time and as a part of the same transaction J. A., W. J., and W. C. Henry executed a note for the same amount and with the same terms as the one in controversy, save that the latter has this statement: " This note is held as collateral security of the payment of a note executed by J. A. Henry as principal, and W. J. Henry and W. C. Henry and others as security, for above amount, a true copy of which this is. This note is voluntarily given and for a valuable consideration." J. A. Henry, one of the signers of the note referred to, is the brother above mentioned. He goes by the name of " Allie," and this he will hereafter be called in this opinion.

It appears that Allie was either a defaulter, or that he owed the bank for which he had been working the sum mentioned in these notes. In the absence of proof to the contrary, there was a sufficient consideration for both notes. *Sac Co. v. Hobbs,* 72 Iowa, 69. So that, unless the issue of duress, threats, or of an agreement to compound a felony be sustained, the decree of the trial

1. NEGOTIABLE INSTRUMENTS: consideration.

court is wrong. These are purely questions of fact, the law being well settled and equally well understood. *Kennedy v. Roberts,* 105 Iowa, 521; *Foote v. De Poy,* 126 Iowa, 366; *Pierce v. Brown,* 74 U. S. 205 (19 L. Ed. 134); *Peed v. McKee,* 42 Iowa, 689; *Smith v. Steely,* 80 Iowa, 738; *Town of Hinesburgh v. Sumner,* 9 Vt. 23 (31 Am. Dec. 599), and note.

It is not true, as appellants contend, that to establish these issues it must affirmatively appear that the person ac-

2. CANCELLATION OF INSTRU-MENTS: duress: proof. cused was in fact guilty, or that his innocence relieves the party charged from the effect of his conduct. *Smith v. Steely, supra.* The defense of ratification we shall hereafter notice.

Coming back, now, to the facts, we think the trial court was justified in finding, and we adopt its conclusion in this respect, that the note and deed were obtained because of threats made by an officer of defendant bank to prosecute the brother " Allie " and to send him to the penitentiary, and because of a promise by this officer not to prosecute him if plaintiff would sign the papers in controversy. There is a dispute, of course, as to the facts, these charges being denied; but the trial court had the witnesses before it and had this advantage over us. Moreover the weight of the testimony on the printed page seems to be with plaintiff. There was certainly no other inducement for plaintiffs making the instruments in suit, and she testified that she would not have done so but for the statements made by the officer of the bank. The case in this respect is a simple one, and in its facts as to duress much like *Sharon v. Gager,* 46 Conn. 186, where a mortgage was set aside because of threats to prosecute which were held sufficient to avoid the same.

II. The plea of ratification is not established. All that is shown is that delivery of the instruments was postponed for a few days by agreement, and that they were finally delivered with plaintiff's consent. They were delivered at a time when the influence of the threats and duress

were presumed to continue, and there is no evidence to over-
come this presumption.   Moreover, if the note
and deed were void because contrary to public
policy,   their   delivery   even   without   duress
would not make them valid.   This is horn-book law requir-
ing no citation of authorities in its support.

**3. EXECUTION OF INSTRUMENTS: duress: ratification.**

III.   While something is said in argument about inter-
vener being an innocent holder of the note, little is made
of it; and the reason for this appears to be that the note is a
non-negotiable one, or, if negotiable, was not
sold or indorsed, so as to be brought under the
law merchant.   Moreover, while the defense of
duress would not, perhaps, be a defense against a holder in
due course, although *First National Bank v. Bryan,* 62
Iowa, 42, seems in some respect to be the contrary; yet if the
deed is void because of illegality of consideration it cannot
be enforced, for the intervener cannot be an innocent holder
of the deed given as security for the note.

**4. MORTGAGES: illegal consideration: enforcement.**

The note itself would be valid in the hands of an in-
nocent holder, provided it came under the law merchant.
But that does not appear in this case.   The true rule is an-
nounced in *Vallet v. Parker,* 6 Wend. (N. Y.)
615, to the effect that a note even if founded
upon an illegal and immoral consideration is
valid in the hands of a good-faith holder, unless there be a
positive statute declaring such instruments void.   See, also,
*Bacon v. Lee,* 4 Clarke (Iowa) 490.

**5. NOTES: illegal consideration: bona fide holder.**

The decree of the trial court seemes to be correct, and it
is *affirmed.*