FRED A. QUINN AND ANOTHER v. UNITED STATES
FIDELITY & GUARANTY COMPANY.
FREDERICK A. QUINN AND ANOTHER v. GAYLORD
WARNER AND OTHERS.[1]

May 22, 1925.

Nos. 24,640, 24,641.

**Verdict and finding of duress sustained.**

1. The evidence supports the verdict and the finding of the trial court that through duress defendant's agents obtained from plaintiffs money and a conveyance of their home in order to protect their son from prosecution.

**Courts not closed to victim of duress.**

2. Where a person is forced into an unlawful contract by duress, he is not in pari delicto with the one exercising the duress, and the courts are open to him to recover what was wrongfully obtained.

1. See Deeds, 18 C. J. p. 447, § 553; Payment, 30 Cyc. p. 1325.
2. See Contracts, 13 C. J. p. 499, § 442.

---

2. See notes in 26 L. R. A. 49; 20 L. R. A. (N. S.) 484, L. R. A. 1915D, 1118. 9 R. C. L. p. 727; 2 R. C. L. Supp. 866; 4 R. C. L. Supp. 623, 5 R. C. L. Supp. 527.

Two actions in the district court for Ramsey county. The cases were tried separately before Hanft, J. In the first case the jury

[1]Reported in 204 N. W. 156.

returned a verdict in favor of plaintiffs; in the second judgment was ordered in favor of plaintiffs. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *Loring Staples,* for appellants.

*George A. Lewis,* for respondents.

HOLT, J.

Two actions: One to recover $1,075, alleged to have been paid under duress, was tried to a jury; the other to annul a deed for the same cause was submitted upon the same evidence to the judge who tried the jury case. There was a verdict in favor of plaintiffs in the first case, and likewise findings in their favor in the second case. From orders denying judgment non obstante or a new trial, and denying amendments of the findings or a new trial, the cases come here.

George A. Quinn, the son of plaintiffs, was cashier in a Minneapolis bank. Defendant had given its bond indemnifying the bank against loss from defalcation of the cashier. On April 18, 1923, George revealed to his parents that he was short. About the same time defendant and the bank discovered his misappropriation of the funds of the bank. Defendant at once set about to secure itself against the loss it knew would follow when the full extent of George's defalcation was ascertained and the bank would seek recourse on the bond. The result was that on May 11, 1923, plaintiffs borrowed $1,075 from a nephew, which they turned over to defendant's agents, and also deeded to them their homestead, their all, in trust for defendant.

The sole question on the appeal is whether the evidence supports the verdict of the jury and the findings of the court that the money was obtained and the conveyance made under duress. The court charged the jury that plaintiffs could not recover unless they had satisfied the jury affirmatively that the money and deed were thus obtained, saying "duress is such pressure or constraint as compels a person to go against his will and virtually takes away his free

agency and destroys the power of refusing to comply with the unlawful demand of another." The definition of duress in law was further amplified on the same line. No question is raised as to the correctness of the charge, but the contention is that the evidence does not warrant a verdict or findings for plaintiffs. The argument is that, since there was no direct threat by defendant's agents to prosecute and plaintiffs admit that they willingly paid over the money and would never have thought of asking for its return had their son not been prosecuted, there was a voluntary payment and not one under duress.

Implied threats may be as effective as direct. Meech v. Lee, 82 Mich. 274, 46 N. W. 383; Benedict v. Roome, 106 Mich. 378, 64 N. W. 193; Foley v. Greene, 14 R. I. 618, 51 Am. Rep. 419. It is quite apparent from the testimony of plaintiffs and their situation that the jury were justified in finding that defendant's agents made it appear to the old people that, if the payment was made and the home conveyed, their son would remain unmolested, otherwise the law would take its course. It stands to reason that plaintiffs, who in a lifetime of toil had only been able to acquire a home, would not have parted therewith and gone in debt over a $1,000 in addition to help out this surety before it had made good the loss to the bank, unless the impending prosecution of their only child forced them. It was not for their default. They were not in defendant's debt. It is true, about three weeks elapsed between the discovery of his plight and the transaction, so they had time to consider and take advice. But they sought no legal advice. All their efforts seemed to have been devoted to attempting to borrow from relatives so as to satisfy defendant's demands.

This is far different from the case of American Nat. Bank of Lake Crystal v. Helling, 161 Minn. 504, 202 N. W. 20, where the parties had the advice of experienced business friends and of lawyers of standing, and insisted on delay which was granted until their own attorney had had opportunity to draft the agreement, thus showing that they were not under the dominion of others, but were exercising an independent judgment. In addition the Hellings were men of experience, and in full physical and mental vigor, and were in-

formed as to the law. They also secured pecuniary advantages, entirely absent here. Although the evidence is that plaintiffs had ample time for reflection, there is also testimony that defendant's agent told plaintiffs, when they asked for more time to think it over before executing the deed: "No, it would have to be done today, tomorrow would be too late." The situation appeals to us as indicating that plaintiffs were more subject to be overcome by the pressure than the one found so coerced in Brown County Bank v. Hage, 156 Minn. 460, 195 N. W. 275.

The proposition is urged that, on plaintiffs' testimony, there was an attempt to compound a felony, and on that account the law leaves the parties thereto without redress. This is the rule in some states. Union Exch. Nat. Bank v. Joseph, 231 N. Y. 250, 131 N. E. 905, 17 A. L. R. 323. It has even been said that papers executed compounding a felony cannot be executed under duress. Shattuck v. Watson, 53 Ark. 147, 13 S. W. 516, 7 L. R. A. 551. In this state the rule is otherwise. In American Nat. Bank v. Helling, supra, after calling attention to Wells v. Floody, 155 Minn. 126, 192 N. W. 939, 33 A. L. R. 776, wherein it was held that as to contracts to stifle prosecutions for crime the court 'will leave the parties where it finds them,' the court continues: "But, if the execution of the contract was procured by duress, the parties are not deemed to be in pari delicto and payments or conveyances obtained during the continuance of the duress may be recovered or annulled."

To the cases cited by Judge Taylor, may be added Holt v. Agnew, 67 Ala. 360; Martin v. Evans, 163 Ala. 657, 50 South. 997; Henry v. State Bank of Laurens, 131 Iowa, 97, 107 N. W. 1034; Williamson v. Ackerman, 77 Kan. 502, 94 Pac. 807, 20 L. R. A. (N. S.) 484; Morse v. Woodworth, 155 Mass. 233, 27 N. E. 1010, 29 N. E. 525; Bentley v. Robson, 117 Mich. 698, 76 N. W. 146; Allen v. Leflore County, 78 Miss. 671, 29 South. 161; Leflore County v. Allen, 80 Miss. 298, 31 South. 815; Bell v. Campbell, 123 Mo. 1, 25 S. W. 359, 45 Am. St. 505; Foley v. Greene, 14 R. I. 618, 51 Am. Rep. 419; Gorringe v. Reed, 23 Utah, 120, 63 Pac. 902, 90 Am. St. 692; City Nat. Bank of Dayton v. Kusworm, 88 Wis. 188, 59 N. W. 564, 26 L. R. A. 48, 43 Am. St. 880; Galusha v. Sherman, 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 417.

The case of Foley v. Greene, supra, is similar to the instant case in that there was no evidence of direct threats, and nevertheless it was held a question of fact whether there was duress. Where there is duress, the victim thereof cannot be said to be in pari delicto with the party to the agreement who procured it by the unlawful pressure. It is difficult to see how one who by duress is so robbed of his free will that the law regards his contract as voidable is in position to make an agreement to compound a crime. Our statute makes the taker and not the giver of the consideration for an agreement to stifle prosecution guilty of crime. Section 10034, G. S. 1923; State v. Quinlan, 40 Minn. 55, 41 N. W. 299. The statement in Taylor v. Blake, 11 Minn. 170 (255) that the parties compounding a felony are equally guilty, so that a deed given would not be set aside, was evidently not meant to govern in a case where the giver of the deed was under duress, for the last paragraph of the decision states "that there is not a single allegation of either such undue influence or such duress in the complaint" as would avoid a contract.

Bode v. Jussen, 93 Neb. 482, 140 N. W. 768, is cited as a similar case, but there the trial court did not find duress. Reference is there made to Hoellworth v. McCarthy, 93 Neb. 246, 140 N. W. 141, 43 L. R. A. (N. S.) 1005, where the trial court set aside a mortgage given to secure her husband's debt because he found she executed the same under duress, her husband being threatened with arrest.

Of course, where there is a free and voluntary payment or conveyance to prevent prosecution of a person, or a near relative, the parties are left as found. It is only where the one making the payment or conveyance is shown to have been pressed thereto by express or implied threats of disgrace, disaster to person or property, or criminal prosecution, so that he could not have exercised any choice or free will in the matter. Having in mind the quantum of proof required in a case of this sort, we still think the evidence here made it a question of fact for the jury and the trial court whether the plaintiffs were impelled by the fear of threatened imprisonment of their only child to give their all, and more, to defendant's agents, under the belief that he would go free so that they did not make the payment or execute the deed voluntarily. If they were so coerced

they lacked also the power to conspire with defendant to do an un-
lawful act, and do not come within the denunciation of Holland v.
Sheehan, 108 Minn. 362, 122 N. W. 1, 23 L. R. A. (N. S.) 510, 17
Ann. Cas. 687, where it is said "that where two persons conspire
together to do an act forbidden by law to one of them, the doing of
it by joint agreement is a violation of law as to both." That case
involved an illegal contract to the making of which both parties
entered without a hint of duress.

The orders are affirmed.