## A. J. MALMQUIST v. JOHN McCHORD.[1]

December 13, 1929.

No. 27,581.

*Cashel & Brecht,* for appellant.
*Canfield & Michael,* for respondent.

DIBELL, J.

Action on a promissory note. There was a verdict for the defendant. The plaintiff appeals from the order denying his alternative motion for judgment or a new trial.

The defense to the note was duress. To constitute duress there must be such constraint as substantially takes away free agency. The use of physical force or the threat of personal injury is not essential. Each case depends largely on its own facts.

[1]Reported in 228 N. W. 167.

2 Dunnell, Minn. Dig. (2 ed.) § 2848, and cases cited. A good discussion is found in American Nat. Bank v. Helling, 161 Minn. 504, 202 N. W. 20.

■ On August 24, 1927, the defendant executed to the plaintiff' the note in suit for $4,000, due December 24, 1927. This note was given as a part of the consideration for the settlement of a claim for damages for criminal conversation by the defendant with the plaintiff's wife.

The plaintiff had been postmaster at Rushmore and lived with his family there. In February, 1925, he was convicted of carnal intercourse with a girl and was sentenced to the state prison at Stillwater. He was paroled in March, 1927, and returned home.

The defendant was a rural mail carrier, unmarried, and lived at Rushmore. He was 47 or 48 years old, about the age of the plaintiff, and they had been associates from boyhood. A few months after the plaintiff went to Stillwater the defendant entered into illicit relations with the plaintiff's wife, and they continued during his absence and after his return. On August 20, 1927, about nine or ten p. m. the plaintiff, who had been lying in wait for the defendant, caught him as he was on his way to the plaintiff's home to resume illicit relations. The plaintiff had been working with a threshing crew a few miles out in the country, and the defendant supposed he was still there.

No question was made of the defendant's criminal guilt nor of his civil liability. Negotiations for a financial settlement were entered upon before the two separated. Some resentment and anger was displayed by the plaintiff. There was no physical harm in contemplation and no threats of criminal or civil proceedings the rightfulness of which was not confessed. The plaintiff wanted $10,000 and made his claim immediately upon catching the defendant. He thought the defendant had that much and wanted all he had. He threatened to send him over the road. The crime being adultery, the plaintiff was the only one who could institute the prosecution. The defendant countered with a threat to have him returned to Stillwater to complete his term. When the plaintiff found that the defendant had but $5,000 he agreed to accept

that much. This was four days later. He was given a $1,000 certificate of deposit, payment of which was afterwards stopped, and the $4,000 note in suit. The defendant was a man of considerable experience. He had been in service in the war for 18 months. He was not physically afraid. He was not at all unsophisticated. He had a good common school education. He was fearful that the affair would become known and that he would lose his job as mail carrier; and he was afraid of a criminal prosecution. He had plenty of time to settle. The negotiations were carried on quietly. He had an oldtime and reliable friend with him. It practically appears from the testimony of the defendant that if the matter had not become public later all would have been well. Then he would have been quite satisfied with the arrangement made.

We cannot hold the evidence sufficient to sustain a finding that the note was executed under duress. There must be a new trial. The defense is not that the parties entered into an illegal contract to stifle a criminal prosecution. If the fact were so the law would leave them as it found them. American Nat. Bank v. Helling, 161 Minn. 504, 202 N. W. 20.

Order reversed.