EDWARD STEBLAY v. GILBERT JOHNSON AND ANOTHER.[1]

April 26, 1935.

No. 30,227.

[1]Reported in 260 N. W. 364.

*Courtney & Courtney,* for appellant.
*Lanners & Martini,* for respondents.

HILTON, JUSTICE.

Action on four promissory notes upon which $1,650 remained unpaid. The main defenses set up by the separate answers of defendants were lack of consideration and that the notes were obtained by duress. The verdict was in favor of defendants. The appeal is from an order denying plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial.

After making out a *prima facie* case by the introduction of the notes, plaintiff rested. The burden of establishing their claims by a preponderance of the evidence then shifted to the defendants. The main question presented here is whether the evidence was sufficient to warrant submission of the issues raised by the pleadings to the jury.

At the time the notes were given, April 5, 1930, plaintiff, a married man 34 years of age and the father of four children, resided in Duluth, Minnesota, with his wife and family. In addition to being a licensed locomotive crane engineer, he was a saxophone player and leader of an orchestra. Defendant Gilbert Johnson, 25 years old, was a member of that orchestra. Defendant Carl E. Johnson, the father of Gilbert, operated a bakery in Duluth and employed Gilbert as a delivery truck driver. Gilbert lived with his father and mother; the latter was ill with heart trouble and high blood pressure and under constant care of a physician. Gilbert was engaged to a young lady whom he married in October, 1932, and they are the parents of one child.

Plaintiff accused Gilbert of committing acts of adultery with his wife and testified that the notes were given in settlement of his claim of damages therefor against Gilbert. Gilbert testified that he never had any illicit relations with plaintiff's wife. He testified in detail as to the conditions existing when he was with her alone

and when with others, as indicating the improbability of anything wrong taking place. Plaintiff testified that Gilbert when accused of the acts admitted his guilt and that his wife had made like admissions. She was not a witness. Gilbert denied having made the admission. Other statements of plaintiff (not necessary here to detail) were so unreasonable and improbable that the jury might well, and doubtless did, give them no credence. The court correctly submitted to the jury the question as to whether such acts had occurred. The jury's negative finding had sufficient support in the evidence. Gilbert's innocence of the acts charged being thus established, plaintiff's claim for damages as evidenced by the notes failed; Gilbert having caused plaintiff no damage, there was no consideration for the notes. They were not given in settlement of a claim for damages admittedly caused as was the note sued upon in Malmquist v. McChord, 179 Minn. 17, 228 N. W. 167. Other cases cited by plaintiff where guilt of defendant was either admitted or proved are not in point.

▆ The question of duress was also submitted to the jury under proper instructions. The undisputed evidence is that plaintiff accused defendant of improper relations with his wife and demanded the payment of $2,000 and threatened that if it was not paid he would bring a divorce action against his wife, naming Gilbert therein, and that he would have Gilbert arrested. Gilbert consulted his father in relation thereto. As a result of a conference between the three, held in the bakery, Gilbert paid $50 in cash and executed five notes aggregating $1,950, on which payments were made at various times totaling $300. His father's name also appeared on the notes, his claim being that he signed thereon as a witness. At the most he was an accommodation maker and was not liable unless Gilbert was liable. At the time the notes were executed a written agreement was entered into between the parties, wherein Gilbert was named as defendant, his father as witness. It was executed by plaintiff. It reads as follows:

"I hereby promise to withhold any court proceedings, or public notice, any claims or troubles which in my mind I may now hold against the defendant.

"I accept the following terms, to be payed in cash by terms hereon agreed by all parties concerned.

"I also understand that defendant and witness signed above shall at no time let anything be known about this matter."

Gilbert testified that plaintiff stated to him, "I can sue you for $2,000. I am going to get a divorce from my wife, and I am going to fix her, and I am going to fix you too." Gilbert said he was "scared to death" and that he replied, "I can't let you do that. I have a sick mother at home and a girl friend, and I can't stand any of this kind of trouble." He requested plaintiff to come back that evening, which he did. With respect to plaintiff's actions at that time Gilbert testified, "He kept both of his hands in his pockets and was sweating, nervous, and had an awfully sober look on his face." His testimony was substantially corroborated by that of his father. Plaintiff testified that he told Gilbert he would have him "arrested if he didn't come to some settlement." Gilbert further testified that when signing the notes he had no intention of paying them in full but that he signed them and later made small payments thereon from time to time to keep plaintiff quiet. Plaintiff did not obtain a divorce from his wife, nor did he bring an action therefor; he continued living with her and was so living at the time of the trial.

To constitute duress there must be "such pressure or constraint as compels a man to go against his will, and virtually takes away his free agency, and destroys the power of refusing to comply with the unlawful demand of another, * * *, irrespective of the manifestation or apprehension of physical force." Joannin v. Ogilvie, 49 Minn. 564, 566, 52 N. W. 217, 16 L. R. A. 376, 32 A. S. R. 581; Snyder v. Samuelson, 140 Minn. 57, 167 N. W. 287; Brown County Bank v. Hage, 156 Minn. 460, 195 N. W. 275; American Nat. Bank v. Helling, 161 Minn. 504, 202 N. W. 20; Malmquist v. McChord, 179 Minn. 17, 228 N. W. 167; 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 2848. It is manifest, without further discussion, that the evidence amply made out a case for the jury on the issue of duress.

■ Plaintiff contends, however, that the various payments made upon the notes by Gilbert between April, 1930, and June, 1931, constituted a ratification of the settlement contract. The evidence shows that the conditions existing at the time the notes were executed and which induced their execution remained unchanged during the period payments were made upon the notes. Under such circumstances the payments made did not amount to ratification.

"If the party is still acting under the pressure of the original transaction or the original necessity, or if he is still under the influence of the original transaction, and of the delusive opinion that it is valid and binding upon him, then, and under such circumstances, courts of equity will hold him not barred from relief by any such confirmation." 1 Story, Eq. Jur. (14 ed.) § 469; O'Toole v. Lamson, 41 App. D. C. 276; Eureka Bank v. Day, 90 Kan. 506, 135 P. 584; Leflore County v. Allen, 80 Miss. 298, 31 So. 815; Brown v. Worthington, 162 Mo. App. 508, 142 S. W. 1082. See also Barnette v. Wells Fargo Nevada Nat. Bank, 270 U. S. 438, 46 S. Ct. 326, 70 L. ed. 669.

We have considered assignments of error directed at rulings on evidence and the court's charge. We find nothing therein warranting reversal.

Affirmed.