THOMAS J. O'NEIL v. ALBERT J. DUX, JR., AND OTHERS. GEORGE HAUB, APPELLANT.

101 N. W. (2d) 588.

March 4, 1960—No. 37,783.

*Thomas K. Scallen* and *Norman E. Evidon,* for appellant.
*Jack Tarbox,* for respondent.

MURPHY, JUSTICE.

This matter is before us on appeal from an order of the District Court of Ramsey County denying to defendant judgment notwithstanding the verdict or a new trial. By his complaint plaintiff asserted that the defendants Albert J. Dux, Jr., and Leonard G. Neary executed and delivered to him a promissory note in the sum of $9,178.78; that the remaining defendants, including appellant, George Haub, guaranteed the payment of the note. The complaint specifically set out the undertaking signed by Haub by which he agreed to guarantee partial payment of the note limited to the sum of $1,500. The appellant interposed a separate answer denying execution of the note or guaranty and alleging that in any event there was no valid consideration for the giving of it. By an amendment to the answer made at the commencement of the trial, the appellant alleged that the note or guaranty was "procured through duress." Both parties rested after the plaintiff had put in his case. A verdict was directed in favor of the plaintiff.

From the record it appears that plaintiff engaged two realtors, the defendants Dux and Neary, to sell a building he owned. They found a purchaser and sold the building under an agreement by which plaintiff was to receive $18,000. However, after the sale had been made, plaintiff did not receive his money, and upon inquiry he was told by Dux and Neary that they had spent the proceeds. After some discussion plaintiff agreed to accept their note for $9,178.78,[1] which they agreed to pay in $100 monthly installments at 5 percent per annum, the balance to come due at plaintiff's election upon default in payment of any of the monthly installments. At the same time plaintiff accepted guaranty notes from several persons, including the undertaking involved in this appeal guaranteeing partial payment of the note upon default.

At the opening of the trial Haub's counsel moved for a continuance, which motion was denied. He made objection that the trial of the issues would deny Haub due process of law because he was not

---

[1] No reason is given either in the briefs of counsel or the record to explain the discrepancy between the $18,000 sum Dux and Neary allegedly appropriated and the sum of the note supposedly given for the same obligation.

present to participate in the voir dire or the introduction of evidence. A continuance was requested until the following week when the appellant would return from a business trip which took him to Washington, D. C. The motion was denied and the case proceeded without the presence of the appellant. The trial court was of the view that the motion was not timely made and that no proper showing was made to establish a basis for the granting of a continuance.

■ The first point raised by the appellant is that the trial court abused its discretion in denying a continuance. In the oral motion the trial court was advised that Haub was an employee of the Interstate Commerce Commission and was out of the state on official business. No contention was made that he did not know the case was on the calendar awaiting trial nor is there any showing in the record to indicate that an attempt was made to arrange his business so that he could be present for the trial. Nor is there any claim that the rules of practice promulgated by the District Court of Ramsey County with reference to notice to parties were not complied with. Under Rules of Civil Procedure, Rule 83, that district court adopted rules governing the practice and assignment of jury trials. These rules provide that every 2 months the clerk distribute to the lawyers affected a list of the 400 oldest cases set down for jury trial in the order in which the cases are to be tried. At least 2 weeks in advance the clerk must notify the lawyers of the date their cases will be reached on the calendar, and at least 48 hours before trial the lawyers are given another notice by telephone. The rules require a lawyer who desires a continuance to present his motion therefor to "the Judge in charge of the jury calendar, and no other Judge, * * *."[2] Full notice that the case was on the calendar awaiting trial was given here and the appellant had ample time to bring on a motion for continuance if he wanted one. Had such motion been made, based upon proper grounds, it may be assumed that the trial court would have given it favorable consideration. However, the motion was not made until the case was called for trial and then it was based upon an oral statement unsupported by any substantial showing.

---

[2] 27A M. S. A., Special Rules of Practice, Second Judicial District, p. 257.

Under circumstances where, as here, the motion for continuance was made orally at the beginning of the trial unsupported by affidavits or a showing of substantial reasons for a continuance, there was no abuse in the court's discretion in denying it. 4 Dunnell, Dig. (3 ed.) §§ 1711, 1712, 1713; Baker v. Connolly Cartage Corp. 239 Minn. 72, 57 N. W. (2d) 657; Pushor v. Dale, 242 Minn. 564, 66 N. W. (2d) 11.

■ Nor can we agree that there has been a denial of due process in the failure of the court to grant the requested continuance. Under both the state and Federal constitutions[3] the defendant is guaranteed his day in court to defend any proceedings brought against him. These provisos for fair hearing assure to the litigant the right to be present when circumstances will permit, the right to place evidence in the record,[4] and the right to receive reasonable and adequate notice of the same proceedings.[5] The constitution does not guarantee that the trial will be held at the convenience of the litigant.

Whether due process of law has been denied depends upon the facts in the particular case. This action was commenced in December 1956 and the appellant interposed an answer at that time. The case did not come on for trial until September 1958. There is nothing in the record to indicate that the appellant made any attempt to be present at or about the time the case would come on for trial, nor is there any showing that the "official" business which took him to Washington was of such importance that it would take precedence over the trial of an action set before the court at an appointed time. This court is jealous to guard the rights of a litigant. However, after three advance notices of warning that a trial is to take place, it cannot be said that the rule

[3] U. S. Const. Amend. XIV; Minn. Const. art. 1, § 7.

[4] Juster Bros. Inc. v. Christgau, 214 Minn. 108, 7 N. W. (2d) 501; State v. Sax, 231 Minn. 1, 42 N. W. (2d) 680, 18 A. L. R. (2d) 929; Baltimore & O. R. Co. v. United States, 298 U. S. 349, 56 S. Ct. 797, 80 L. ed. 1209; cf. State ex rel. Blaisdell v. Billings, 55 Minn. 467, 57 N. W. 206, 794, 43 A. S. R. 525.

[5] Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L. R. A. 152, 20 A. S. R. 547; 12 Am. Jur., Constitutional Law, §§ 573, 598.

388

requiring that the motion for continuance be made before a special judge operates as a denial of due process. In the absence of substantial reasons which would excuse or justify the litigant's conduct in failing to make a timely motion for continuance, it is our view that the notices provided for by the district court rules amply satisfy the requirements of due process.

█ The appellant next contends that the notes express an unlawful transaction in that they were given in compromise of a civil liability growing out of a criminal offense. It is generally recognized that a contract to reimburse an injured party for property stolen or embezzled made under an agreement to protect the guilty person from criminal prosecution or to conceal the crime or to withhold or suppress evidence of it is void as an attempt to obstruct the enforcement of the laws. Under such circumstances the court will leave the parties where it finds them and will not give aid to either.[6] Like all general rules, this rule must depend for its application largely upon the facts in each particular case.[7] An agreement to compromise civil injuries resulting from a criminal act which does not involve the suppression of evidence, the stifling of the crime, or the perversion of the criminal law is based upon a legal consideration. This follows from the rule that illegality, if any, must be found in the particular consideration given.[8]

In support of Haub's contention that the guaranty note is invalid, he calls attention to certain testimony by the plaintiff on cross-examina-

[6]Wells v. Floody, 155 Minn. 126, 192 N. W. 939, 33 A. L. R. 776; 12 Am. Jur., Contracts, § 196; Restatement, Contracts, § 548(1); Turle v. Sargent, 63 Minn. 211, 65 N. W. 349, 56 A. S. R. 475; 6 Corbin, Contracts, § 1421; 6 Williston, Contracts (Rev. ed.) § 1718; American Nat. Bank v. Helling, 161 Minn. 504, 202 N. W. 20; Quinn v. United States F. & G. Co. 163 Minn. 320, 204 N. W. 156.

[7]6 Dunnell, Dig. (3 ed.) § 2848; American Nat. Bank v. Helling, *supra*; Malmquist v. McChord, 179 Minn. 17, 228 N. W. 167.

[8]7 Am. Jur., Bills and Notes, § 270; Malmquist v. McChord, *supra*; Taylor v. Blake, 11 Minn. 170 (255); Underwood v. Singer Sewing Machine Co. 225 Ala. 680, 145 So. 138; Victory Portraits, Inc. v. Kaplan (Ohio App.) 72 N. E. (2d) 278; Austin v. Feron, 289 Ill. App. 528, 7 N. E. (2d) 476; Restatement, Contracts, § 548(2).

tion that Dux and Neary "begged" him not to report the matter to the county attorney.

"Q. They agreed to pay you the money if you would not go to the County Attorney, is that right?

"A. That's right.

\* \* \* \* \*

"Q. If these gentlemen hadn't made this deal with you to pay you some money in installments, it was your intention to prosecute them, was it not?

"A. Why, I suppose I would have followed in if they didn't agree and beg off."

O'Neil further testified, however, that at no time did he ever tell Dux or Neary that if they paid he would not prosecute them.

The most that can be said from this testimony is that O'Neil agreed not to present the matter to the county attorney. The record reveals that the parties agreed that the note Dux and Neary signed should represent the payment of the misappropriated funds. The fact that it was signed with the dual purpose of repayment without calling the matter to the attention of the prosecuting attorney does not make the note invalid. The reason for the rule which invalidates such instruments is that by "stifling" a prosecution or "concealing" a crime the party agreeing is obstructing justice. Such conduct is against public policy and is made an offense by M. S. A. 613.65. We cannot agree with the appellant that public policy has been offended by this agreement.[9] Where one has been injured by the criminal act of another or where his money has been embezzled or goods stolen, it is not unlawful for such injured person to threaten prosecution for the offense. Public policy is contravened only when the injured party attempts to pervert criminal proceedings and use them as a means of coercing a defendant into payment of money. There is no showing here that the notes were executed for an unlawful purpose or that the execution was ob-

---

[9]Smith v. Morgan, 214 Iowa 555, 240 N. W. 257; Annotation, 32 A. L. R. 422.

tained by unlawful means. Here the notes were given in consideration of a lawful debt and not in exchange for a forebearance to prosecute. As stated in the general rule set forth in 17 C. J. S., Contracts, § 228, a promise not to prosecute is not illegal "where it is made, not for the sake of gain, but from motives of kindness and compassion, or on account of relationship, or where no prosecution is threatened."[10]

The record here does not show that O'Neil threatened prosecution or resorted to such threats to secure the note from Dux and Neary. The fact that he agreed to refrain from going to the prosecuting attorney is not conduct which amounts to a violation of public policy as it does not show anything more than the fact that he wished to receive reimbursement for an honest obligation.

■ Nor does the record show that the parties were in any way actuated by duress. We have defined that term to mean "such pressure or constraint as compels a person to go against his will and virtually takes away his free agency and destroys the power of refusing to comply with the unlawful demand of another."[11] Since O'Neil and Haub never met, it is apparent that there can be no merit to the claim that Haub's undertaking was executed under duress. Moreover, it is clear from the record that Dux and Neary approached the plaintiff and *requested him* to accept the notes, begging him not to go to the county attorney. The fact that the plaintiff agreed and that a prosecution was not thereafter brought is not evidence of duress. Malmquist v. McChord, 179 Minn. 17, 228 N. W. 167.

■ We cannot agree with the appellant that the notes in suit were without consideration. Certainly Dux and Neary owed an outstanding obligation to O'Neil upon which suit could have been instituted and judgment entered. O'Neil waived a present right of action and agreed to accept $100 monthly installments on the note. Moreover, it is well recognized that a preexisting debt is ample consideration for a note. 12 Am. Jur., Contracts, § 94; 1 Williston, Contracts (3 ed.) §§ 142,

[10]See, also, 6 Corbin, Contracts, § 1421, pp. 701, 702; Portner v. Kirschner, 169 Pa. 472, 476, 32 A. 442, 443.

[11]Quinn v. United States F. & G. Co. 163 Minn. 320, 321, 204 N. W. 156.

143; 2 Dunnell, Dig. (3 ed.) § 869; DeWolf v. Johnson, 177 Minn. 612, 225 N. W. 908; Sime v. Lewis, 112 Minn. 403, 128 N. W. 468.

■ A guaranty agreement, like any other contract, must be supported by a valid consideration. But unlike other contracts there need be nothing moving from the promisee to the promisor. Where a promissory note is given for a previously existing and past-due debt and is payable at a future date, the extension of time is a sufficient consideration to support a guaranty of payment made by third parties before delivery of the note. We are of the opinion that the consideration which supports the principal obligation here supports the guaranty of Haub. 24 Am. Jur., Guaranty, §§ 49 to 51; 8 Dunnell, Dig. (3 ed.) §§ 4071, 4076; D. M. Osborne & Co. v. Gullikson, 64 Minn. 218, 66 N. W. 965; Hale v. Dressen, 76 Minn. 183, 78 N. W. 1045; Merchants State Bank v. Sunset Orchard Land Co. 158 Minn. 108, 196 N. W. 963.

Affirmed.